## JOHN LAMM v. THE STATE.

### No. 7719.   Decided June 6, 1923.

**1.—Selling Intoxicating Liquor—Evidence.**

The State had the right to explain its failure to put eyewitnesses on the stand by showing that a subpoena had been issued for them, and that the officers had been unable to find them.

**2.—Same—Evidence—Supporting Testimony.**

There was no error in admitting testimony as to the result of the sheriff's search of the premises on the succeeding day, and finding the articles testified to by the State's chief witness.

**3.—Same—General Reputation—Evidence.**

Where, upon trial of unlawfully selling intoxicating liquor, defendant denied such sale or any connection therewith, and introduced evidence of his good character for truth and varacity, it was reversible error to permit the State on cross-examination of defendant to ask him if it was not a fact that some two years antecedent to the trial and while he was in business at another place his place of business was raided and found to contain beer.

**4.—Same—Charge of Court—Purchaser—Accomplice.**

The Legislature has declared that the purchaser of intoxicating liquors unlawfully sold is not an accomplice witness, and there was, therefore, no error in failing to instruct the jury that the main State witness and the sheriff who employed him as a detective were accomplice witnesses. But owing to the admission in evidence of testimony affecting defendant's reputation for selling beer, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Palo Pinto.   Tried below before the Honorable J. B. Keith.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Ritchie & Ranspot,* and *Hood & Shadle,* for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

J. W. Massie is named as the purchaser. The sheriff had information or suspicion that one Nowell, proprietor of an establishment known as the Texas Hotel, situated at the town of Dalton City, in Palo Pinto County, was engaged in violation of the law prohibiting the liquor traffic. Massie was employed by the sheriff on a stipend of ten dollars per day and was furnished expense money, including twenty dollars with which to buy whisky. He was instructed to go to Dalton City and catch Nowell and any other bootlegger. He was also supplied with a bottle of whisky which he took with him on his journey. He met the appellant and others and furnished them whisky from his bottle, and in his testimony he declared that he found appellant standing at the end of a bar in the Texas Hotel and purchased from him four glasses of wine, for each of which he paid twenty-five cents; that this wine was capable of producing intoxication. The wine was upon the bar in a large white pitcher and was poured out of the pitcher and into glasses by the appellant. There were four other persons present, and if we properly comprehend Massie's testimony, three of them joined in drinking the wine. Details were given to the effect that appellant went into an adjoining or nearby building and obtained wine; also that the witness saw a barrel and a keg of wine in the building mentioned. The sheriff, on the following day, searched the premises and found a pitcher of wine on the bar in the Texas Hotel; he also found the keg and barrel of wine in a nearby building. The persons who drank the wine with the witness Massie were not introduced upon the trial, and we perceive no error in the admission of testimony that a subpœna had been issued for them but that the officers had been unable to find them so that they might be subpœnaed. It was the right of the State to explain its failure to put the eye-witnesses on the stand.

The result of the sheriff's search of the premises on the succeeding day is deemed not subject to objection, and the complaint of it goes to the weight rather than to its admissibility. The articles described by the witness Massie answered the same description as those found on the premises. These were circumstances which were available to the State.

Appellant testified as a witness to the effect that he was not present at any time when Massie bought any wine from anyone at the Texas Hotel, if, in fact, he did do so; that he sold him none; that he had no

94 T. C.—36.

connection with the place. Other witnesses gave testimony tending to support this theory. Appellant's reputation for truth and veracity, and as a law abiding citizen was proved to be good without controversy. He was a newcomer in Dalton City and related various places at which he had lived during the several years immediately preceding the date of the alleged offense. One of these was at Caddo, which we understand is in another county and at which place, according to his testimony, he was in business.

On cross-examination, appellant was asked by counsel for the State if it was not a fact that some two years antecedent to the trial and while he was in business in the town of Caddo, his place was raided and found to contain beer. To this question objection was made and overruled. The witness was required to answer and gave a negative reply.

Complaint is made of the failure to instruct the jury that both Massie and the sheriff who employed him were accomplice witnesses. The refusal to so instruct was not error. In subdivision 2c of Chap. 61, Acts of the Thirty-seventh Leg., 1st Called Sess., the Legislature has declared that the purchaser of intoxicating liquors unlawfully sold is not an accomplice witness. Under the facts in the instant case, were it not for the statute, the contention of the appellant would be plausible. Bush v. State, 68 Texas Crim. Rep. 301; Huggins v. State, 85 Texas Crim. Rep. 205; Franklin v. State, 88 Texas Crim. Rep. 342. In view of the statute, the testimony of Massie and the sheriff did not require corroboration, which is ordinarily demanded of accomplice witness. See Art. 801, Code of Crim. Proc.,

The jury was at liberty to believe Massie's testimony and if, under the instructions given by the court, it showed the guilt of the appellant beyond a reasonable doubt, in the judgment of the jury, it was their duty to convict him. Whether Massie, who claimed that appellant sold him the liquor, or the appellant who denied it, were telling the truth was a question purely for the jury's determination. Of persons situated as were Massie and the sheriff, it was said by this court in Guyer's case, 37 Texas Crim. Rep. 489, that an officer of the law should not only decline to take part or render assistance in the commission of an offense, but should take steps likely to prevent it. The court added:

"Some courts have gone a great way in giving encouragement to detectives in some very questionable methods adopted by them to discover the guilt of criminals, but they have not yet gone so far, and I trust never will, as to lend aid or encouragement to officers who may, under a mistaken sense of duty, encourage and assist parties to commit crime in order that they may arrest and have them punished for so doing."

This view is not an uncommon one, and in the instant case the jury having the alternative in passing upon whether the appellant should

forfeit his liberty or not, to believe the witness Massie who was engaged in the questionable avocation of carrying whisky upon his person and distributing it among those with whom he came in contact and engaged for hire in the pursuit of instigating and aiding in the violation of the law, or the appellant, who was fifty-four years of age, the head of the family, who had been convicted of no previous offense and who bore a good reputation for truth and veracity and obedience to the law. In this alternative, with the evidence thus nicely balanced between two witnesses, each of whom were interested in the result—Massie in the conviction and appellant in an acquittal—the interposition into the case of the damaging suggestion by innuendo that the appellant's place of business had two years before been so conducted as to invite the officers to raid it, and that in their raid they were successful in finding contraband articles, was of a nature calculated to turn the scale against the appellant. We are aware of no principle of law which under the facts as developed in the case or as shown by the bill of exceptions, under which the question should have been permitted. When it was asked, the court gave his sanction to it as a proper inquiry. He should have sustained the objection to it and given the jury to then understand that it was entitled to no place in their minds in deciding the issues involved. Had he done so, he might have obviated the inquiry to the appellant. His failure to sustain the objection to it was error. The negative answer to the question would in many cases, perhaps in most instances, have disarmed the improper inquiry. Under the present evidence, the contrary is true. But for the improper imputation of having conducted a nefarious business at a former time, it cannot be said that under the evidence the jury might not have entertained a reasonable doubt touching the guilt of the appellant. For the reason that the inquiry was manifestly improper and of a harmful nature, the refusal to exclude it was error, the effect of which cannot, with certainty, be discerned. We therefore feel constrained to believe that the trial court should have set aside the verdict in response to appellant's motion for new trial. Because of his failure to do so, a reversal of the judgment of conviction should result, and it is so ordered.

*Reversed and remanded.*