BILL MILLS v. THE STATE.

No. 7180. Decided June 27, 1923.

Rehearing denied October 17, 1923.

1.—Selling Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of selling intoxicating liquor, the evidence was sufficient to sustain the conviction, the judgment below must be affirmed.

2.—Same—Accomplice—Purchaser.

The Legislature has declared, First Called Session, Thirty-seventh Legislature, that the purchaser of intoxicating liquor unlawfully sold is not an accomplice witness. Following Franklin. v. State, 88 Texas Crim. Rep., 322, and other cases.

Appeal from the District Court of Shelby. Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Son* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—In the indictment appellant was charged with the unlawful sale of intoxicating liquor to Hagar Hooker; upon conviction his punishment was assessed at confinement in the penitentiary for one year.

Hagar Hooker testified that he bought a quart of whisky from the appellant for which he paid him four dollars; that he purchased the whisky and delivered it to Edwin Booth. Booth testified that he gave Hooker four dollars in order that he might buy a quart of whisky from the appellant; that he saw the transaction and saw appellant deliver to Hooker two quarts of whisky, giving him four dollars. One of the quarts was returned to the appellant.

The State's witnesses were cross-examined with the view of showing that Booth and Hooker had conspired to trap the appellant into making the sale.

Hooker's reputation for truth and veracity was also attacked.

The only question presented on appeal is the sufficiency of the evidence. The point is made that both Hooker and Booth were accomplices on account of the nature of the transaction. The Legislature has declared that the purchaser of intoxicating liquor unlawfully sold is not an accomplice witness. See Acts of Thirty-seventh

Legislature, First Called Session, Chapter 61, Subdivision 2c. Were it not for this statute, appellant's position might be plausible. See also Bush v. State, 68 Texas Crim. Rep., 301; Huggins v. State, 210 S. W. Rep., 804; Franklin v. State, 88 Texas Crim. Rep., 342; Guyer v. State, 37 Texas Crim. Rep., 489; Lamm v. State, No. 7719, not yet reported. The statute ·on the subject, however, forecloses the· matter against the appellant.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 17, 1923.

LATTIMORE, Judge.—This court cannot concern itself with the motive that induces one to become a purchaser of liquor. It is insisted in this case that the motive of the purchasers was for the purpose of securing a reward which had been offered for the conviction of any person charged with a violation of the liquor law in a certain vicinity. Our statute expressly exempts from the law of accomplice testimony the purchaser of intoxicating liquor, and the trial court in the instant case did not err in declining to charge on the law of accomplice testimony. The case was decided correctly in the original opinion.

Finding nothing of substance in the contentions in this motion, same will be overruled.

*Overruled.*