## W. O. Johns v. The State.

### No. 7934.  Decided December 5, 1923.

### Rehearing denied June 27, 1924.

1.—Manufacturing Intoxicating Liquor—Evidence—Answer not Responsive to Question.

Where, upon trial of unlawfully manufacturing intoxicating liquor, while a witness for the State was being examined, he was asked by State's counsel, when he first knew the defendant and answering said question the witness began a statement which was as follows: "Me and Arch Tyler made a raid on his ——," at which point objection was raised that the answer was not responsive to the question, etc., and the court instructed the jury not to consider this answer, there was no reversible error.  Distinguishing:  Lamm v. State, 252 S. W. Rep., 535;  Young v. State, 243 id., 473.

2.—Same—Rule Stated—Question and Answer.

Where there was nothing in the question asked nor is there support in any evidence offered relating thereto, which shows any evil intent in the mind or on the part of the State's attorney, and the witness was promptly stopped, and the court instructed the jury not to consider the answer, there is no reversible error.

3.—Same—Charge of Court—Acquittal.

The court below did not err in refusing the peremptory instructions to acquit, nor in permitting in evidence a complaint and bond offered for the purpose of showing the day of appellant's arrest and liberation on bond, which became a material question.

4.—Same—Evidence—Practice in Trial Court—Rebuttal.

The complaint that the State was permitted to introduce evidence which might have been offered by them in support of their case in chief, after the defense had rested its case, and which evidence would, therefore, be in rebuttal, is not now condemned, as the introduction of testimony is a matter left to the discretion of the trial court.

5.—Same—Charge of Court—Principals.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence raised the issue of principals, there was no reversible error on submitting a charge thereon.

6.—Same—Rehearing—Questioning Witness—Unresponsive Answer—Practice in Trial Court.

In determining the effect of the withdrawal of objectionable evidence, the entire record must be considered in applying this principle, and the motion for rehearing is overruled.

Appeal from the Criminal District Court of Tarrant.  Tried below before the Honorable Geo. E. Hosey.

128

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Eastus & Greines,* for appellant.—Cited: Mahaney v. State, 254 S. W. Rep., 946.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, and *R. K. Hanger,* District Attorney, *W. H. Tolbert* and *Julian B. Mastin,* Assistants District Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of manufacturing intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

The able brief of appellant presents and stresses but one point which appears in his bill of exceptions No. 4. Examining same we observe that while one Carter, a witness for the State, was being examined he was asked by State's counsel when he first knew the defendant, and answering said question the witness began a statement which was as follows: "Me and Arch Tyler made a raid on his ———." At this point objection was made that the answer was not responsive to the question and was inadmissible and seemed to relate to another and different transaction and was of a character prejudicial to the rights of the defendant. The witness seems to have gotten no further with his answer, and regarding that part of same which is quoted above, the court gave to the jury a special requested instruction as follows:

"You are further instructed that the statement of the witness A. B. Carter, to the effect that he first knew defendant Johns, when he and Arch Tyler made a raid on his ———, was improper, and is not to be considered by you for any purpose in this case."

Appellant cites numerous authorities in support of his objection to this proceeding but we have been unable to make the facts as here presented fit any of said authorities, nor have we been able to bring ourselves to believe the matter capable of that injury attributed to it by appellant. Certainly the question asked was harmless and does not suggest by innuendo or otherwise that a harmful answer was called for or expected. The question as to when the witness first met the appellant seems an ordinary and customary question. That there was any collusion between the State's attorney who asked the question and the witness, from which there might arise an inference that the witness was expected to give such answer or that there was any such understanding, is not suggested or borne out in the record anywhere. Nor do we think the statement made by the witness, promptly

stopped and cut off at the time and place as appears from the quotation above given, fairly open to the necessary implication that it was injurious. A harmful interpretation does not necessarily follow. How can it be claimed that the witness did not intend to say, ''Me and Arch Tyler made a raid on his . . . brother's premises,'' or ''on his . . . neighbor's house,'' or many other places that might be suggested following° the answer so begun by the witness. This court can not reverse cases upon hypotheses of injury that are not fairly supported. It is our constant effort to see that persons who are unfortunately charged with and convicted of crime, are given that fair and impartial trial guaranteed them by the Constitution, and the records of this court reflect many reversals where it is made to appear that any injury is done to the substantial rights of the accused; but it must in some way be made clear to us that the injury is real and not fancied,—the hurt substantial and not resting on some imagined evil result. In the Lamm case, 94 Texas Crim. Rep., 561, 252 S. W. Rep., 535, first cited by appellant, the question asked by the State's attorney was in itself harmful and calculated to prejudice the jury against the appellant, and this court correctly criticized such conduct on the part of the prosecuting officer. So° in Young's case, 92 Texas Crim. Rep., 277, 243 S. W. Rep., 473, the evil was apparently the deliberate act of the prosecutor,—the arm of the law,— the officer of the State. We think the same misconception of the effect of our rulings makes inapplicable the many other authorities cited in the brief showing labor and research on the part of appellant's attorney. There is nothing in the question asked in the case under consideration, nor is there support in any evidence offered relating thereto, which shows any evil intent in the mind or on the part of the State's attorney, and the witness was promptly stopped, and if there be any sort of injury possible from the statement as made by him, which we hardly credit, it was cured by the instruction of the court not to consider it. We recognize the force of all the authorities cited showing the futility of a charge of the court to take away the harmful effect of a real wound or actual hurt done to the cause of appellant by some wrongful act of the State's servants, but we do not think them applicable to the case before us.

We have examined each of the other matters complained of in the bills of exception appearing in the record, but do not believe any of them present error.

The court did not err in refusing the peremptory instructions to acquit, nor in permitting in evidence a complaint and bond offered for the purpose of showing the day of appellant's arrest and liberation on bond which in the estimation of the State became material as tending to support the contention that a letter mailed to the owner of the premises occupied by appellant,—in which letter an attempt at exoneration of the appellant of any guilty complicity in the manu-

facture of intoxicating liquor on said premises or other things evidenced by their condition, was made,—was written by the appellant himself. The letter was mailed on the 15th and it was shown by the documents introduced by the State that appellant was arrested and made bond prior to that time.

The complaint that the State was permitted to introduce evidence which might have been offered by them in support of their case in chief, after the defense had rested its case and which evidence would, therefore, be in rebuttal, is not now condemned, the order of the introduction of testimony being a matter which is commited to the discretion of the trial courts and will not be reviewed by us in the absence of some showing of injury arising from an abuse of such discretion. Nor do we think it objectionable that the learned trial judge instructed the jury on the law of principals. From the evidence it appears that when discovered by the officers at the house where a still was in operation on the premises in question, appellant was accompanied by his wife and there was some evidence or certain parts of the cross-examination of the State's witnesses whose tendency was to show that other parties did or might have fled from the premises at or about the time the officers appeared.

Being unable to agree with any of the contentions made by appellant, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1924.

HAWKINS, JUDGE.—The main point again argued as error calling for a reversal was discussed at length in our original opinion, and a review of the matter confirms us in the belief that it was correctly disposed of. The verdict reached, the entire evidence, the manner of entry into the record of improper testimony, and its character, must all necessarily be borne in mind in determining the effect of the withdrawal by the trial judge of objectionable evidence. Applying this principle to the present case, we think this court would not be warranted in reversing for the matter complained of.

The motion for rehearing is overruled.

*Overruled.*