### Walter Hale v. The State.

#### No. 7908.   Decided December 12, 1923.

**1.—Transporting Liquor—Evidence—Requested Charge—Accomplice.**

Under the Act of the Thirty-seventh Legislature, Second Called Session, the purchaser, transporter, or possessor of any of these liquors, prohibited by said Act, should not be held in law or in fact to be an accomplice when a witness in any such trial, and there was, therefore, no error in the instant case to refuse to submit a charge on accomplice testimony.

**2.—Same—Theory of Defense—Requested Charge.**

Where the alleged requested charge of appellant's theory of defense had been duly submitted to the jury in the court's main charge, there was no error in refusing the requested charge thereon.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Eastus & Greines,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, Presiding Judge.—Transporting liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

In substance, this is the State's testimony. On the night before his arrest, appellant was at a camp about two miles from a point called the Ten Mile Bridge. George Carter was employed by three men to attend the camp and keep some dogs. The owners of the camp, as well as a woman, came to the camp, and later in the same day, appellant came there in his automobile. The other men, save Carter, were in and out of the camp several times during the night. Appellant remained away from the camp until about three o'clock in the morning when he and the other three men came to the camp house, each having two-quart jars of some fluid, which they took into the house. The next morning, appellant, Carter, one Sims, and Stella Rollins, the woman, left the house. Before leaving, one of the ten-gallon milk cans which was on the premises, was put in the back of the car. The appellant drove his car on the main road to a store at the point called the Ten Mile Bridge, at which place Carter got out and went into the store. Appellant was arrested a short time afterwards and in his car was found a ten-gallon can containing three or four gallons of whisky. According to his testimony and that of Stella Rollins, the can was not put in the car until they reached the store. At that time, according to appellant's testimony, he was requested by a man, whom he described, to take the can to a certain garage in Fort Worth. He did not know that the can contained whisky but believed that it contained gasoline.

Two of the bills of exception found in the record complain of the failure and the refusal of the court to instruct the jury on the law of accomplice testimony pertaining to the witness George Carter, Another bill complains of the refusal of a special charge submitting the appellant's theory of defense. His theory of defense, namely, that he was a member of a hunting party at the camp; that the can containing the liquid was put into his car at the store and that he was unaware of its contents, was submitted to the jury in the main charge, accompanied by an instruction that if this was true, or if there was a reasonable doubt as to its truth, an acquittal should result.

No brief appears for the appellant. No reason is given in the bills of exception for the contention that the witnesses George Carter was an accomplice. We infer, however, that Carter having testified that the can was put in appellant's car at the camp house, and that until the parties reached the store at the Ten Mile Bridge, which was several miles distant, Carter rode in the car; that his connection with the transportation of the whisky was such as made him particeps criminis. Under this theory, the law of accomplice testimony would affect him were it not for that subdivision of Chap. 61 of the Acts of the thirty-seventh Leg., 2nd called Session, wherein it is said:

"Upon a trial for a violation of any of the provisions of this Chapter, the purchaser, transporter, or possessor of any of the

liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial.''

Taking note of this provision of the statute and the evidence in the case, there appears no error in the refusal of the court to embrace in the charge an instruction authorizing the treatment of Carter as an accomplice witness.

Finding no error, in the record, the judgment is affirmed.

*Affirmed.*