### Ed. Laughlin v. The State.

No. 7865. Decided February 16, 1924.

Rehearing denied April 30, 1924.

#### 1.—Selling Intoxicating Liquor—Accomplice—Charge of Court—Purchaser.

The only act which made the witness an accomplice was that which made him a purchaser, brings him within the exemption of the accomplice statute. Furthermore, the general rule that steps taken by one in the employ of an officer to get evidence against one who is engaged in the unlawful sale of intoxicating liquor is not an accomplice witness in the sense that he requires corroboration. Following: Fox v. State, 53 Texas Crim. Rep., 150, and other cases; Distinguishing: Devers v. State, 37 Texas Crim. Rep., 396; Bush v. State, 151 S. W. Rep., 554; Scott v. State, 153 id., 871.

#### 2.—Same—Continuance—Motion for New Trial.

Where the testimony of appellant, on motion for new trial, did not make it clear that he acted promptly in issuing the subpoena for the witness and it did not appear that there was probability of securing the attendance of the witness, there was no error in overruling the motion. Following: Hornsby v. State, 91 Texas Crim. Rep., 166.

#### 3.—Same—Venue—Practice in Trial Court.

Where the chief of police testified for the State that the offense was committed in the county of the prosecution, although there was some controversy about the county line, and the court specifically instructed the jury to acquit if the venue was not proved, there is no reversible error.

#### 4.—Same—Rehearing—Escape.

Where the appellant made his escape from custody pending his appeal, and did not voluntarily return to the custody of the officer, from whom he had made his escape but was recaptured, the State's motion to dismiss the appeal is granted.

Appeal from the District Court of Jones. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant. On question of accomplice: Lann v. State, 94 Texas Crim. Rep., 561.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The witness McCane testified that he purchased from the appellant a quart of whisky; that he was employed by the sheriff and compensated at the rate of five dollars per day and charged with the duty of "catching bootleggers;" that he was furnished money by the sheriff to be used in purchasing intoxicating liquor from the unlawful vendors of that article.

Appellant's contention is that McCane was an accomplice witness. The sale of intoxicating liquor being unlawful, the purchaser, in a certain sense, is tainted with the offense. Were it not for the statute to the contrary, he might come within the purview of the statute requiring corroboration of the testimony of an accomplice witness. Franklin v. State, 89 Texas Crim. Rep., 353. The legislature having expressly declared, however, that the purchaser is not to be deemed an accomplice witness, the courts are not authorized to declare him so. Lamm v. State, 94 Texas Crim. Rep., 561. However offensive to ethics and morals may be the conduct of one in the situation of the witness in the present case, the only act which would make him an accomplice is that which makes him a purchaser and brings him within the exemption of the accomplice statute embraced in subdivision 2 of Chap. 61, Acts of Thirty-seventh Legislature, 1st Called Session. It is the general rule that steps taken by one in the employ of an officer to get evidence against one who is engaged in the unlawful sale of intoxicating liquor is not an accomplice witness in the sense that he requires corroboration. Underhill on Crim. Evidence, 3rd Ed., Sec. 125, p. 148, note 20; Fox v. State, 53 Texas Crim. Rep., 150; Creech v. State, 70 Texas Crim. Rep., 229. This applies to a purchaser where it is not made unlawful to buy intoxicating liquors. Devers v. State, 37 Texas Crim. Rep., 396; Bush v. State, 68 Texas Crim. Rep., 299, 151 S. W. Rep., 554; and Scott v. State, 70 Texas Crim. Rep., 57, 153 S. W. Rep., 871, have been modified by subsequent decisions to this extent.

The date of the alleged offense was May 15th. The indictment was returned on the 2nd of June. The trial took place on the 10th of the succeeding January. An application for a continuance on account of the absence of one, C. D. Burleson, was made and overruled. Subpoena was first applied for on the 26th day of December, 1922, and the witness, according to the averment in motion, was last seen in Jones County on the 20th day of that month. From the return of the sheriff it appears that the witness was not in the State of Texas but in the State of Mississippi. According to the motion, the witness

would have testified that the State's witness McCane had told the absent witness Burleson that a "job" had been put up on the defendant by McCane, in that he had testified before the grand jury that the appellant had sold him intoxicating liquor, but that in fact this was not true; that the witness was in the employ of the Chief of Police and that the whisky delivered to the Chief of Police belonged to McCane. This application was controverted upon the ground of lack of diligence, the controverting affidavit stating that the case was set down for trial for the 26th of June at the former term of court and was thereafter continued to the 8th day of January, and that no process was issued until the 26th day of December. Evidence was heard by the court in which the appellant testified that just before Christmas he moved from Haskell County to Stephens County; that the case was either passed or continued without his attendance at the May term; that he had talked to Burleson before the subpoena was issued, and that Burleson had stated that McCane had said to him that the whisky which was purported to have come from the appellant was not in fact received from him. On cross-examination, the appellant testified that he had known Burleson for some time, though as· to how long he was indefinite, and that he had had several conversations with him. The date of the conversation in question with Burleson was left indefinite by the appellant; also the date of his departure from Jones County. On re-direct examination, however, he said that on the day he had the conversation with Burleson, he had his attorney to cause a subpoena to be issued for him. The letter bore the postmark of the 16th of December, 1922. The attorney for the appellant testified that he caused the issuance of the subpoena the day after receiving the letter. We are not prepared to say that the learned trial judge erred in overruling the application for a continuance. The testimony of the appellant on hearing the motion is not such as makes it clear that he acted promptly in issuing the subpoena for the witness. According to the motion, the subpoena for the witness was not issued until some days after he had departed from Jones County. The probability of securing his attendance by delay does not appear, nor was there any steps taken to secure his testimony by deposition. Hornsby v. State, 91 Texas Crim. Rep., 166.

According to the State's witness, the point at which the sale was made was four or five blocks north of Stamford, about half way between town and the cemetery. He said he did not know exactly the location of the line between Haskell and Jones Counties; that he could not state definitely that the transaction took place in Jones County, but "was pretty sure that it was in that county." The Chief of Police of Stamford, a city situated in Jones County, testified that the point described by the State's witness was located in Jones County. The court told the jury specifically that they should acquit

the appellant if a reasonable doubt was entertained as to whether the sale took place in Jones County.

There are not other questions raised requiring discussion.

The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### April 30, 1924.

LATTIMORE, JUDGE.—Pending the motion for rehearing filed herein it is made to appear by affidavit of T. C. Birdwell, Sheriff of Jones County that the appellant made his escape from custody and did not voluntarily return to the custody of the officers from whom he had made his escape but was recaptured. The State moves a dismissal of the appeal based upon this ground. There is no controversy of the facts stated in the affidavit. Conformable to the mandates of Arts. 912 and 913 of our C. C. P. the motion is well taken. The appeal will be dismissed.

*Dismissed.*