### CALVIN WILLIAMS v. THE STATE.

#### No. 8087. Decided October 24, 1924.

#### No motion for rehearing filed.

1.—Sale of Intoxicating Liquor—Accomplice Testimony—Who is not.

Purchaser of intoxicating liquor by one who was employed by the sheriff to detect violations of the prohibition law, is not an accomplice witness. See Laughlin v. State, 260 S. W., 865; Smith v. State, 248 S. W., 685; Lamm v. State, 94 Tex. Crim. Rep., 561.

2.—Same—Separation of Jury.

Where the jury after being sworn were permitted to separate and one juror talked to parties without the permission of the court or appellant and not in the presence of the sheriff, will require a reversal of the cause, save where it is shown that the temporary separation did not and could not have

affected the impartiality of the trial. See Robinson v. State, 58 Tex. Crim. Rep., 310; Watson v. State, 82 Tex. Crim. Rep., 310; Art. 748 C. C. P.

Appeal from the District Court of Mills County. Tried below before the Hon. Lewis H. Jones, Judge.

Appeal from a conviction of sale of intoxicating liquor; punishment, two and one-half years in the State penitentiary.

*J. C. Darrach, Goldthwaite, Calloway & Calloway,* for appellant.

*Tom Garrard,* State's Attorney, *Grover C. Morris,* Assistant State's Attorney, and *Few Brewster,* District Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two and one-half years.

The indictment was like that held sufficient in Trevinio v. State, 93 Texas Crim. Rep., 439. Therefore, the motion to quash the indictment was properly overruled.

The fact that the alleged purchaser was employed by the sheriff to detect violations of the prohibition law did not characterize him as an accomplice witness. See Laughlin v. State, 260 S. W. Rep., 865; Smith v. State, 248 S. W. Rep., 685; Lamm v. State, 94 Texas Crim. Rep., 561.

In the motion for new trial appellant charged that after the jury was impaneled and sworn to try the case, there was an unauthorized separation of the members of the jury, and further, that conversations took place between the members of the jury and persons outside; that said conversations were neither with the consent of the appellant nor the court, or in the presence of either. However, from the court's qualification of the bill, the following quotation is taken:

"The Court found from the evidence that there was no separation within the meaning of the law, and that the conversation with the juror was had with the consent of the Sheriff of Mills County. No consent was given by the court or the defendant for a separation, if there was a separation."

The evidence heard upon the motion for new trial is characterized by no material conflict. After the jury was impaneled and before the evidence began, the court authorized a recess for a short time. He gave no instructions to the members of the jury with reference to a separation or conversation with outsiders, though instructions were given to the sheriff to prevent these irregularities. At the beginning of the recess the jurors filed out of the box and into the body of the courtroom. The sheriff was called into a hall on one side of the courtroom. There was a crowd about the court-house and the court-room was well filled, including the galleries, and a number of people occupied the halls. There were two water-closets, one situated outside of the court-room some distance, variously estimated from 60 to 100 feet, another was located in the basement of the court-house. Some of the jurors

went to each of these water-closets, both of which were open to the public. Some of the jurors seen there by various persons, though no conversations were shown to have taken place except with the juror Hamilton, who went to the water-closet which he estimated to be 60 or 100 feet from the court-room. As he returned and just before reaching the court-room, he met a man by the name of Cain, with whom he was acquainted. Cain was a Post-office Inspector and was investigating some charges of irregularities in the post-office administration. He made inquiry of Hamilton touching the receipt of a C. O. D. package at some previous date. After these remarks were made, Cain asked the juror if he was acquainted with Rex Lewis, who was the witness upon whom the State depended for a conviction of the appellant in the present case. The juror Hamilton replied that he did know Lewis, and pointed him out to Cain. That Cain and Hamilton were engaged in conversation is well established and not controverted. To disclose the purported subject of the conversation, the State called no witness save the juror Hamilton. No reason whatever is given for the failure to call Cain. His absence is wholly unexplained. Art. 745, C. C. P., forbids the separation of the jury after they have been impaneled and before returning a verdict, save with the permission of the court, the accused and his attorney, and then only when in charge of an officer. The disobedience of this statute has been held to require a new trial, save where it is shown that the temporary separation did not and could not have affected the impartiality of the trial. See Robinson v. State, 58 Texas Crim. Rep., 550; Watson v. State, 82 Texas Crim. Rep., 310, and numerous cases therein cited. In Article 748, C. C. P., it is declared:

"* * * nor shall any person be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, * * * and in no case shall any person be permitted to converse with the juror about the case on trial."

If the present case rested wholly upon the question or matter of separation, a reversal might not be demanded. See Watson v. State, supra. Touching the conversation with juror Hamilton, however, the State, we think, has not met the requirements of the law with reference to showing an absence of injury. If it was within the power of the State to call Cain (who had the conversation with Hamilton) as a witness upon the hearing of the motion for new trial, it manifestly should have been done. The unexplained failure to do so leaves the record in a condition in which this court would go counter to the statute, as construed by numerous decisions, in sustaining the verdict. The opportunity to prejudice the appellant's case in the private interview between Cain and Hamilton is made evident. It took place in disobedience of the mandatory statute, and for the State to obviate the presumption of injury from such disobedience, there should be no failure

to use all available evidence. A more extended discussion of the authorities and reasoning upon the subject is pretermitted for the reason that the matter is one that has received frequent attention by this court. See Toussaint v. State, 92 Texas Crim. Rep., 379, in which the statutes and decisions were reviewed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*