*576
 
 MORROW, Presiding Judge.
 

 The possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for one year.
 

 The witness Emily Allen testified that the appellant made an agreement to sell her whiskey at ten dollars per gallon, and'fixed an appointment on the Bull Creek Road. She communicated this information to the witness McCoy, a deputy sheriff. At the meeting, the appellant brought some jugs of whiskey and put them in the car used by the witness in going to the place of meeting. She paid him in. one-dollar bills, and McCoy arrested him upon the spot. The witness had only money enough to buy one jug. The other the appellant put near the roadside.
 

 McCoy testified to his knowledge of the arrangement and his presence at the time of the transaction; that he gave Emily Allen eleven one-dollar bills, and that upon the arrest of the appellant, he took that number of one-dollar bills away from him.
 

 Miller, the sheriff, testified that Emily Allen was in his employ and also testified to his presence at the time of the arrest of the appellant.
 

 No affirmative testimony is presented, the witnesses introduced by the appellant being in the main directed to supporting his reputation as a law-abiding citizen and to attack upon the veracity of the State’s witness.
 

 The witness Emily Allen testified that pursuant to the agreement with the appellant, he brought jugs of whiskey to the car in which she had gone to the place of meeting, and that one of the jugs was placed by him in her car and another jug placed by the roadside; that she paid him the agreed price for one gallon of whiskey and that at that juncture the appellant was arrested by McCoy. It was shown that the jugs contained whiskey and that, according to McCoy, the appellant remarked: “You have got me this time, it is pretty slick.” Objection was made to this upon the ground that the appellant was under arrest at the time. The remark seems to have been coincident with the offense and was apparently res gestae of that occurrence.
 

 The bills of exceptions are numerous. All of them have been carefully examined but the disposition of some of them will be made without a detailed discussion.
 

 Bill No. 10 reveals the fact that Mrs. Roy Sargent had testified to matters undisclosed by the bill and was asked if she did not “have it in” for Bill Stowe, a friend of Emily Allen, because Stowe had been a witness against the husband of Mrs. Sargent. The witness disclaimed any knowledge of Stowe’s connection with the affair; nor does the bill reveal it. Without permission of the court, there is attached to the bill a transcription of the stenographer’s notes which are not in a shape to be considered.
 

 
 *577
 
 Appellant’s counsel introduced testimony to show that there were no articles upon the premises of the appellant which (might have been used for the-purpose of containing or making whiskey. State’s counsel introduced rebuttal testimony contradictory of that of the appellant. The error is not apparent.
 

 The effort to inquire into the conduct of Bill Stowe was properly excluded. He and his conduct, so -far as the record reveals, are entirely unrelated to the case on trial.
 

 Appellant having elicited from the witness Emily Allen that twenty-five dollars had been paid- by the sheriff for her services, the court committed no error in permitting her to testify that this was at the rate of five dollars per day.
 

 The former conversations between Bill Stowe. and Mrs. Georgia Dittlinger were properly rejected. Neither of them was a witness in the case nor connected with it in any relevant or material way. The bill is but an effort to permit the appellant to bring into the case hearsay testimony through the means adopted.
 

 ° The whereabouts of Joe Young was apparently irrelevant. The court committed no error in rejecting the testimony as to his whereabouts.
 

 The court did not err in holding that the proof of the general reputation of Emily Allen for virtue and chastity was not a proper method of impeachment. Stayton v. State, 32 Texas Crim. App. 33; Flewellen v. State, 83 Texas Crim. Rep. 569, and cases cited.
 

 The evidence sought to be adduced from the witness Ollie Young touching the conversation between Emily Allen and Bill Stowe was properly rejected as hearsay. The same is true with reference to efforts revealed by Bills 15 and 16.
 

 In refusing to instruct the jury upon accomplice testimony with reference to the witness Emily Allen, the trial court, in our judgment, was not in error. See Lamm v. State, 94 Texas Crim. Rep. 560; Chap. 61, Acts of 37th Leg., 1st Called Session, subdivision 2c.
 

 Finding no error in the record, the judgment is affirmed.
 

 Affirmed.