HAWKINS, Judge.
 

 Defendant was convicted for selling intoxica- • ting liquor to one Gibbons. Punishment is two years’ confinement in the penitentiary. '
 

 In entering judgment the court overlooked applying the indeterminate sentence law. The judgment is now so reformed as to confine defendant in the penitentiary for a term of not less than one nor more than two years.
 

 Gibbons testified positively to the purchase of whiskey from defendant. Witness had been requested by the sheriff to see if he coulmake the purchase. .The only contention is that this circumstance rendered Gibbons an accomplice witness requiring corroboration.
 
 *675
 
 Since the Act of the 1st C. S., 37th Legislature, Chapter 61, Subdivision 2, this court has repeatedly held that the purchaser of intoxicating liquor was not an accomplice, regardless of the motive prompting him in making the purchase. Lamm v. State, 94 Texas Crim. Rep. 560, 252 S. W. 535; Laughlin v. State, 97 Texas Crim. Rep. 370, 260 S. W. 865; Mills v. State, 95 Texas Crim. Rep. 459, 254 S. W. 790; Williams v. State, - Texas Crim. Rep. -, 265 S. W. 166.
 

 As reformed the judgment is ordered affirmed.
 

 Affirmed.