JOHN HOLLIS v. THE STATE.

8660.    Delivered April 29, 1925.

**Delivery of Liquor—Accomplice Testimony—Must be Corroborated.**

·   In this case the state relied intirely on the testimony of the witness John C. Biles for a conviction. Under the facts as presented in the record, Biles was an accomplice to the delivery of the whisky. The transaction is not included in the exception to the accomplice statute found in Art. 61, Acts 37th Legislature. The testimony of Biles being wholly without corroboration, the cause must be reversed. Following Chandler v. State, 232 S. W. 377 and other cases cited.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction for the unlawful delivery of intoxicating liquor; penalty, two years in the penitentiary.

*Warren W. Moore* and *Don Martin,* of Austin, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful delivery of intoxicating liquor to John C. Biles; punishment fixed at confinement in the penitentiary for a period of two years.

It appears from the testimony of Biles that the appellant brought to the house of the witness seven quart bottles of whisky and that at the appellant's request the witness delivered six of these bottles to Overton. Appellant stated at the time that "he would make it all right." The other quart was retained by Biles after he and the appellant had drunk part of it. The date of this transaction was about the 26th of December. Overton, who was introduced as a witness for the State, denied receiving any whiskey on the 26th of December. He said that on a previous occasion he had some dealings with the appellant with reference to some intoxicating liquor.

Appellant testified and denied the transaction. He also presented the defense of alibi.

The point is made against the judgment that the State relied alone upon the testimony of an accomplice. The pertinent inquiry is: Was the connection of Biles with the criminal enterprise of the

appellant such as rendered him an accomplice witness within the meaning of the law? As answering this inquiry in the affirmative, appellant cites Chandler v. State, 232 S. W. Rep. 377; Newton v. State, 253 S. W. Rep. 284; Williams v. State, 199 S. W. Rep. 296; Williams v. State, 265 S. W. Rep. 166; Laughlin v. State, 260 S. W. Rep. 865; Dawson v. State, 261 S. W. Rep. 1050, besides numerous older cases. It occurs to the writer that the testimony of Biles reveals that he was a means adopted by the appellant to complete the sale of the whiskey to Overton, and that Biles, in undertaking to accomplish this unlawful purpose by receiving the whiskey, so connected himself with the criminal enterprise as to characterize him as an accomplice witness. By his agreement upon the promise of the appellant that "he would make it all right", and the reception by Biles of the quart of whiskey which was left for him, he became a partner in the criminal transaction of the delivery of the whisky. The transaction is not included in the exception to the accomplice statute found in Chap. 61, Acts of 37th Leg., 1st Called Session. Overton denied the receipt of the whisky but said that on a former occasion he had some dealings with the appellant about whisky.

The record is bare, so far as the writer can judge, of any corroborative fact tending to connect the appellant with the transaction as detailed by Biles, upon which the prosecution is founded.

We note that while, considered in connection with the charge, the verdict in this case found the appellant guilty of delivering whisky, he is sentenced for the unlawful sale. In view of the reversal of the judgment, however, which must be ordered, this error against the State is unimportant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*