### T. J. BAILEY V. THE STATE.

No. 9746. Delivered Feb. 24, 1926.

Rehearing denied June 9, 1926.

1.—Possessing Intoxicating Liquor—Continuance—Properly Refused.

Where, on a trial for possessing intoxicating liquor, appellant presented his first application for a continuance, and such application did not conform with the statute, it was properly refused. See Art. 543, C. C. P. of 1925.

2.—Same—Requested Charges — Covered by Main Charge — Properly Refused.

Where appellant requests several special charges, which in so far as they correctly stated the law, were all covered by the court's main charge, they were properly refused. It is a well recognized rule of practice that special charges requested should be refused, when the issues presented in them are fully and correctly presented in the main charge of the court.

#### ON REHEARING.

3.—Same—Evidence—Of Sales—Properly Admitted.

Where, on a trial for possession of intoxicating liquor for the purpose

of sale, there being no controversy as to the possession by appellant at his home, of whiskey which he claimed was not possessed for the purpose of sale, it was admissible for the state to prove that appellant had sold whiskey at his home a few days before the discovery of whiskey in his possession. This testimony was relevant upon the issue of intent, and in support of the state's theory that the possession of the whiskey by the appellant was not for his own use, but for sale. See Lankford v. State, 93 Texas Crim. Rep., 442, and numerous other cases cited.

### 4.—Same—Accomplices—Who Are—Statute Construed.

Art. 670, P. C. of 1925, reads thus: "Upon a trial for a violation of any provision of this chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein, shall not be held in law, or in fact, to be an accomplice, when a witness in any such trial." Appellant's objection that Campbell, Davis and Darnell were accomplices cannot be sustained. Their connection with the transaction, according to appellant's own testimony, was in the capacity of joint possessors or transporters of the whiskey, and under the above cited statute, they were not in law accomplices.

### 5.—Same—Statutes Construed—Art. 666-670, P. C., and 718 C. C. P., 1925.

Appellant urges that Art. 666 P. C., 1925, makes it an offense to possess or *"receive"* intoxicating liquor for the purpose of sale and that by Art. 670 one who *"receives"* intoxicating liquor is not exempted under Art. 718 C. C. P. 1925, touching accomplice witnesses. In support of his contention appellant cites the Cate case, 270 S. W. 210, and other cases. These cases merely hold that a conviction cannot be had for a violation of any of the provisions of Title 2 Chapter 7 of the Penal Code of 1925, upon the uncorroborated testimony of an accomplice, except as provided for in Art. 670, P. C.

### 6.—Same—Continued.

Does the fact that a joint purchaser, joint transporter or possessor, who is also a *"receiver,"* as he must of necessity be, remove him from the operations of Art. 718, C. C. P.? To so hold would virtually abrogate the provisions and obvious purpose of Art. 670, P. C. Whether the word *"receive,"* embraced in the statute, Art. 666 P. C., creates a specific offense, is not free from doubt. Also see Lewis' Sutherland on Stat. Construction, Vol. 2, Sec. 376, p. 722. See also cases illustrative, Waddell v. State, 37 Texas Crim. Rep., 354, and numerous other cases cited.

### 7.—Same—Continued.

State witnesses in the instant case, Darnell and Davis, were joint possessors for the purpose of sale, and joint transporters with appellant, and as such were not accomplice witnesses under Art. 670, supra. The fact that in taking, transporting and possessing, they necessarily *"received"* it, does not, in the judgment of the court, render them accomplice witnesses. Such a construction would render the statute absurd, and would obviously be contrary to the legislative intent, as it is expressed in Art. 670, supra.

Appeal from the District Court of Runnels County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for possession of intoxicating

liquor for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

*Critz & Woodward* of Coleman, *J. J. Crosson* of Ballinger, *Collins, Jackson & Sedberry* of San Angelo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the possession of intoxicating liquor, and the punishment is three years in the penitentiary.

Appellant complains at the court's action in overruling his first application for a continuance. The application is not in conformity with the statute, and the court's ruling thereon was correct. Art. 543, 1925 Revised C. C. P.

The court did not err in overruling the motion to quash the indictment. The indictment follows the language of the statute and this statute has often been held by this court to be valid.

We cannot agree with appellant's contention that the jury should have been instructed to return a verdict of not guilty. The state witnesses in this case were not accomplices and are expressly declared not to be by the statute itself.

We have examined the other special charges offered by the appellant and think that so far as they correctly state the law they were covered by the court in his main charge to the jury.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The State's case is supported by the testimony of the witnesses Campbell, Davis and Darnell. Campbell, who was a barber, testified that after having a conversation with the appellant in which the witness was asked if he wanted something to drink, and being informed of the appellant's place of residence, he went to the home of the appellant on the 5th of March and purchased from him half a

gallon of whiskey for which he paid seven dollars. The witness Darnell, claimed that several days before the 5th of March he had bought from the appellant at his home some whiskey which was delivered and paid for. According to Darnell, he and Davis, on a subsequent occasion, went together to the home of the appellant and arranged with him to take some whiskey to Buffalo Gap, some twenty miles or more distant from the appellant's home. It was the State's theory that some person in Buffalo Gap desired some whiskey to sell at a gathering which was to take place there; that without receiving pay for it, the appellant furnished the whiskey, which was carried to Buffalo Gap by Darnell and Davis. They failed to deliver the whiskey to the person to whom, according to their testimony, they were taking it, for the reason that he wanted to pay for it with a check. They retained the whiskey, and on their way back to the appellant's home they were arrested and put in jail, after which they testified against the appellant. According to them, it was their understanding that the money which they were to receive from the whiskey at Buffalo Gap was to be delivered to the appellant. The amount of money which they were to deliver to him was not agreed upon.

According to the appellant's theory, he was a companion of Davis and Darnell and had a slight acquaintance with Campbell. Davis, Darnell and the appellant went to a barber shop where Campbell worked. Prior to that time appellant had been approached by a bootlegger, whose name he did not remember, but who desired to sell some whiskey. He and Campbell desired to purchase some liquor and made an arrangement with the bootlegger to deliver the whiskey at the home of the appellant. He did deliver a gallon of whiskey, the appellant paying therefor $10.50, half of which, according to the previous arrangement, was to be paid for by Campbell. It was by carrying this agreement into effect that the whiskey was delivered to Campbell. The same bootlegger left also whiskey for Davis and Darnell. Appellant and his wife had retired for the night when they called for it, but they were informed where it could be found. Appellant disclaimed any further connection with the whiskey which was found in the possession of Davis and Darnell and denied any sale of whiskey to anyone. In many of the particulars the appellant was corroborated by the testimony of his wife.

The complaint in bill No. 12 of the receipt of the testimony of Darnell to the effect that he bought whiskey from the appel-

lant a few days previous to the transaction of Campbell is not deemed sound. Admittedly there was whiskey upon the premises of the appellant. It was the state's theory that he had it for sale. He advanced a contrary theory. The fact that he had sold whiskey at his home a few days before the transaction with Campbell was relevant upon the issue of intent. In other words, it was competent evidence in support of the state's theory that the possession of the whiskey by the appellant was not for his own use but for sale. See Lankford v. State, 93 Tex. Crim. Rep. 442; Thielepape v. State, 90 Tex. Crim. Rep. 493; Bryant v. State, 94 Tex. Crim. Rep. 67; Newton v. State, 94 Tex. Crim. Rep. 288; Hubbard v. State, 94 Tex. Crim. Rep. 480, and other cases collated in Vernon's Tex. Crim. Stat., 1925, Vol. 1, p. 442.

Bill No. 8 presents the theory that Campbell, Davis and Darnell were accomplices and that their testimony could not support the conviction. Bills Nos. 4 and 10 present the same theory.

Article 670, P. C., 1925, reads thus:

"Upon a trial for a violation of any provision of this chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial."

So far as we are able to analyze the testimony, we have perceived no phase of the case under which Campbell could be an accomplice. According to his testimony and the state's theory, he purchased a half gallon of whiskey from the appellant for which he paid seven dollars. According to the appellant's theory and testimony, Campbell and the appellant each purchased half a gallon of whiskey from a bootlegger. The whiskey was delivered to the appellant and he paid the bootlegger $10.50 for it. In accord with a previous agreement, the appellant delivered to Campbell half of the whiskey and received half of the money which had been paid for it.

Touching the contention that Darnell and Davis were accomplices or that there was evidence upon which the jury might have found them to be accomplices, it appears from the testimony of the appellant that Davis and Darnell agreed to buy a quantity of whiskey from a bootlegger and that it be left at the appellant's home. The bootlegger left it there and Davis and Darnell got it. According to the appellant, this was the extent of his connection with it. According to Davis and Darnell, the appellant had whiskey upon his premises and agreed that it should be taken by Davis and Darnell to Buffalo Gap for the

purpose of sale. Pursuant to this agreement, they took the whiskey to Buffalo Gap, intending to sell it and bring to the appellant all or a part of the money from the sale. The sale was not effected and Davis and Darnell were arrested while in possession of the whiskey. If the sale had been effected, then the matter would come in a different light, but if we comprehend the evidence, it shows that the whiskey which was in the possession of Davis and Darnell was merely possessed for the purpose of sale. Under the evidence, they were principals together with the appellant.

The contention is made that in Art. 666, P. C., 1925, it is made an offense to possess or *"receive"* intoxicating liquors for the purpose of sale; and that in Art. 670, supra, one who "receives" intoxicating liquors is not exempted from the operation of Art. 718, C. C. P., 1925, touching an accomplice witness. It is insisted that under the rule announced in Cate v. State, 272 S. W. 210, Darnell and Davis, having received, possessed and transported the whiskey for the purpose of sale, were accomplices within the meaning of the statute. Other cases in line with the Cate's case, supra, are Pippin v. State, 278 S. W. 205; Watkins v. State, 277 S. W. 397; Hollis v. State, 271 S. W. 900; Sullivan v. State, 273 S. W. 567; Ross v. State, 273 S. W. 582. The rule announced in the Cate case, and those following it, is that one who is prosecuted for any of the offenses named in Title 2, Chap. 7, of the Penal Code of 1925, pertaining to intoxicating liquors, may not, by reason of Art. 718, supra, be convicted upon the uncorroborated testimony of a co-actor in the commission of an offense or one so criminally connected with it as to bring him within the category of an accomplice witness unless it be a witness exempted from the operation of Art. 718 by Art. 670, supra. The question presented is, therefore, whether the witnesses in the present case, namely, Davis and Darnell, are exempted from the operation of Art. 718, supra. It therefore becomes necessary to interpret the legislative intent in the enactment of Art. 670 and to make such intent effective as applied to the facts in the present instance. The construction of Art. 670, supra, in accord with the appellant's contention would operate to nullify or make it absurd. It is difficult to conceive a case in which the purchaser, transporter or possessor of intoxicating liquors for the purpose of sale could be convicted without proof that the offender was also a "receiver" of such liquors. Whether the word "receive" embraced in the statute creates a specific offense is not free from doubt. See

Wimberly v. State, 98 Tex. Crim. Rep. 152. Aside from that question, and having in mind the history of the legislation, the following words of a learned text-writer are pertinent:

"Words or clauses may be enlarged or restricted to effectuate the intention or to harmonize them with other expressed provisions. Where general language construed in a broad sense would lead to absurdity it may be restrained. The particular inquiry is not what is the abstract force of the words or what they may comprehend, but in what sense they are intended to be used as they are found in the act. The sense in which they were intended to be used furnishes the rule of interpretation, and this is to be collated from the context; and a narrower or more extended meaning is to be given according to the intention thus indicated." (Lewis' Sutherland on Stat. Construction, Vol. 2, Sec. 376, p. 722.)

Illustrations of the application of this principle will be found in many decisions construing the law against carrying weapons. See Waddell v. State, 37 Tex. Crim. Rep. 354; Wilson v. State, 86 Tex. Crim. Rep. 356; Mays v. State, 51 Tex. Crim. Rep. 35; Pressler v. State, 19 Tex. Crim. App. 53; Rines v. State, 38 S. W. 1017. See also Street v. Lincoln Safe Deposit Co., 254 U. S. Rep. 88, 65 Law Ed. 151. It is deemed applicable on the present occasion. Darnell and Davis were "possessors for the purpose of sale," and were "transporters," and as such were declared by the legislature not accomplice witnesses. (Art. 670, supra.) The fact that in taking, transporting and possessing they necessarily received it does not, in the judgment of this court, render them accomplice witnesses. Such a construction would nullify and render the statute absurd and would obviously be contrary to the legislative intent in the enactment of the statute, Art. 670, supra.

We have dealt with the question of accomplice testimony on the merits of the case, though the bills by which it is presented are of questionable sufficiency.

For the reasons stated, the motion for rehearing is overruled.

*Overruled.*