## HOWARD PRICHARD V. THE STATE.

No. 15826. Delivered March 8, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 381.

The opinion states the case.

*Grady Sturgeon* and *H. B. Birmingham,* both of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for two years.

The automobile driven by the appellant was intercepted upon the street and searched. In it was found a quantity of whisky. No search warrant was possessed by the officers making the search. It appears from the record that prior to making the search, Officer Payne (who made the arrest) called the appellant over the telephone. The officer stated over the telephone that he was Jabbo Pratt and requested the appellant to bring two gallons of whisky to Pratt's house. Appellant stated over the telephone that he would bring the whisky. Officers Biard and Hargroves were present at the time Payne telephoned the appellant about the whisky. The officers got in their car and intercepted the appellant as he was driving his car to Pratt's house with the whisky. They searched his car and obtained the whisky. Jabbo Pratt was known to the officers, according to their testimony, as an illicit dealer in liquor. They used Pratt's name to entice the appellant to bring the whisky, for the reason that they knew that Pratt had the reputation of a bootlegger; that he had been prosecuted for violating the liquor laws. The procedure was pursuant to an agreement among the officers to induce the appellant by false information to carry the whisky in his car in order that they might arrest him on the way to Pratt's house, which they did.

The contention that there was no probable cause for searching the appellant's car cannot be sustained for the reason that the officers, by falsely impersonating Pratt, had induced the appellant to state to them that he would bring the whisky to Pratt's house. On the face of the record, it cannot be judicially held that under the circumstances the officers did not have information that the appellant had whisky in his car.

Appellant invokes the proposition that the state's testimony comes in its entirety from persons who were accomplice witnesses. That the witnesses had a guilty connection with the commission of the offense cannot be denied. However, in article 670, P. C., 1925, it is said: "Upon a trial for a violation for any provision of this chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not

be held in law or in fact to be an accomplice, when a witness in any such trial."

The effect of this statute is to make an exception, with reference to the offense with which the appellant is charged, to the statutory rule forbidding the conviction of the accused upon the uncorroborated testimony of the accomplice, as provided by article 718, C. C. P. The effect of article 670, supra, to permit the conviction upon accomplice testimony has been given effect a number of times in the decision of this court. See Davidson v. State, 95 Texas Crim. Rep., 638; Hale v. State, 256 S. W., 595; Bailey v. State, 104 Texas Crim. Rep., 432.

The request for a charge submitting the issue of circumstantial evidence was properly refused.

The definition of "transport" was sufficiently embraced in the court's charge.

Bills of exception Nos. 1 and 4 complaining of the reception in evidence of the testimony showing the telephone communication detailed above present no error. It appears from the testimony that the officer recognized the appellant's voice when he answered the telephone.

We have perceived no prejudicial error in the reception of the testimony showing Jabbo Pratt's reputation as a dealer in the liquor traffic. This refers to Bills Nos. 2 and 3.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews complaint in his motion for rehearing of the refusal of the trial court to instruct the jury on the law of circumstantial evidence. We have again examined and analyzed the facts. An officer who talked with appellant over the telephone said he knew that the voice at the other end of the telephone was that of appellant. He testified that appellant then agreed over the telephone to bring two gallons of whisky. Appellant and another presently appeared in a car in which were two gallons of whisky. Two persons testified that the car was driven by appellant, and two that it was driven by the other party. We regard it as immaterial to the question under discussion, as to who drove the car. In view of the agreement of appellant over the telephone to bring the whisky, and that he was accompanying it, to say the least, would be sufficient to support by direct proof the fact that he was transporting it.

The motion for rehearing will be overruled.

*Overruled.*