## HERSHEL CANTRELL v. THE STATE.

No. 16981. Delivered October 31, 1934.
Reported in 75 S. W. (2d) 688.

The opinion states the case.

*J. Earle Kuntz,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully selling intoxicating liquor, and his punishment assessed at confinement in the State penitentiary for a term of one year.

The testimony on the part of the State shows that on the 20th day of December, A. D. 1933, the appellant sold to Floyd Groner two gallons of whisky for which Groner paid appellant $6. The whisky was delivered by the appellant to Groner at Groner's home at nighttime. Mrs. Groner's testimony corroborated her husband in every respect. The appellant denied selling any whisky to Floyd Groner or that he delivered any to him at his home.

By bill of exception the appellant complains of the action of the trial court in declining to give a special requested charge for a peremptory instruction of acquittal. There is no merit in this contention and the same is overruled.

In a motion for new trial the appellant earnestly insists that the evidence is insufficient to sustain the conviction, in this, that Floyd Groner, the alleged purchaser of the whisky, is an accomplice. Article 670, P. C., reads as follows: "Upon a trial for a violation of any provision of this chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial." This court held in the case of Pope v. State, 99 Texas Crim. Rep., 642, and the authorities

there cited, that a purchaser of intoxicating liquor is not an accomplice. Therefore, no error was committed by the trial court in declining to give appellant's requested instruction. Having reaching the conclusion that the evidence was sufficient to warrant the jury in finding the appellant guilty of the offense charged, we overrule the appellant's contention.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.