SALVADOR ORTINEZ RIVERA V. STATE

No. 27,559. April 27, 1955

*George S. Berry* and *Thomas L. Clinton,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is transportation of beer in a dry area; the punishment, 30 days in jail and a fine of $250.00.

In view of our disposition of this case, a recitation of the facts will not be deemed necessary other than to observe that there was no evidence introduced to show that the appellant had ever before violated any liquor law.

The appellant testified in his own behalf that he had bought the beer and was taking it home, where he planned to have some friends in for the evening. During his direct examination, he was not asked about any prior connection with the liquor traffic; however, on cross-examination by the assistant county attorney he was asked: "It is a fact, isn't it Salvador, for the last two years you haven't done a thing in the world but bootleg out there?" In addition to this, and over repeated objections, the appellant was asked, "Now, you are related to that Ochoa clan down there, aren't you?" The court certifies in the bill that the prosecutor was "referring to a well known bootlegger with several convictions of liquor law violations." The appellant was also asked, "You had been out to your stash and picked up this beer and you were taking it in to Ochoa's place, weren't you?"

The bill further reflects that the arresting officer, while testifying as the first witness in the case, was asked by the prosecutor, "Virgil, do you know whether or not the defendant has a legitimate occupation?"

The arresting officer testified that he customarily saw the appellant driving a new automobile but that on the day of the arrest he was driving an old one. In his argument, the prosecutor, without any evidence to support it, said, "Why you know the Liquor Board seizes those cars when they catch. . . ."

The asking of the question first set out above under the circumstances of this case constitutes reversible error. Lamm v. State, 94 Texas Cr. Rep. 560, 252 S.W. 535.

The trial court certified in the bill that "the County Attorney, directly in violation to the Court's ruling, three times thereafter, by questions and by argument to the Jury made said accusations under the circumstances herein reflected, and thereby conveyed to the Jury his opinion that the defendant was a notorious bootlegger with a bad record well known to him and to the police."

He further certified that he "instructed and admonished the Counsel for the State to refrain from the objectionable and inflammatory type of examination on two occasions, and did everything within his power, save that of declaring a mistrial, to require State's Counsel to conduct his examination properly, but despite the Court's instructions and admonitions, the State's Counsel repeatedly and persistently violated the Court's instructions."

We do not consider this as a certificate of error nor proper recitations for a bill of exception. If the court felt that the prosecutor was conducting the case improperly, he had the power to hold him in contempt or grant mistrial. This court should not be called upon to do what the trial court felt should have been done.

The judgment is reversed and the cause remanded.