Harrison Pitts v. The State.

No. 5320.    Decided March 5, 1919.

Burglary—Accomplice—Charge of Court—Insufficiency of the Evidence—Corroboration.

Where, on appeal from a conviction of burglary, the State depended upon the testimony of two witnesses who claimed to be innocent agents of the defendant, but who received part of the stolen property, the court's failure to charge on accomplice testimony could not be raised for the first time in defendant's motion for new trial; however, this being a question of fact the conviction could not be sustained unless the testimony of said witnesses was corroborated. But this not being a question of law, there was no reversible error.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon C. W. Robinson, judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stanley Thompson,* for appellant.—Cited Crawford v. State, 34

S. W. Rep., 927; Walker v. State, 37 id., 423; Bohannen v. State, 204 S. W. Rep., 1165.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary on the testimony of two boys.

The facts are sufficiently stated in the companion case of Pitts v. State, in an opinion by Judge Morrow this day decided. In this case the court did not charge the law of accomplice testimony, none was asked, and no exception taken to the failure of the court to so charge except in the motion for a new trial. This exception comes too late under the statute. This failure of the court, however, to charge the law applicable to accomplice testimony would not interfere with a reversal for failure of the evidence to corroborate the accomplice. This can be raised whether the charge was given or not, inasmuch as a conviction cannot be had upon the uncorroborated testimony of an accomplice. Under the view taken by the court of the facts it is a question of fact as to whether the boys were or not accomplices. Under the facts they would not be held as accomplices as matter of law. They denied being accomplices, and testified they did not know the property was stolen at the time they received it. If they were accomplices it was by reason of the fact they received the property at the time and place of the burglary. Under these circumstances it is the opinion of the court that the judgment should not be reversed. Had they been accomplices as a matter of law, a different conclusion would be reached, but as the record presents the matter we are of opinion they were not accomplices as matter of law.

The judgment is affirmed.

*Affirmed.*