### W. M. ODELL v. THE STATE.

No. 10094.    Delivered January 12, 1927.

**1.—Possessing Potable, Etc. Liquor—Search Warrant—Description of Premises—Held Sufficient.**

Where a search warrant described the premises to be searched as a house in the possession of the appellant, on a particular street in the city of Abilene, such description is sufficient.

**2.—Same—Bill of Exception—Incomplete—No Error Presented.**

Where a bill of exception complains that the affidavit supporting the search warrant is insufficient but in no manner points out in what particular it is viewed insufficient, such bill presents nothing for review by this court.

**3.—Same—Confession—Held Properly Received.**

Where a confession introduced, was shown to have been made in compliance in all particulars with the statute, Art. 727, C. C. P. of 1925, which prescribes the requisites of a confession made while the accused was under arrest, no error is discovered in the admission of such confession.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for the possession of potable liquor containing in excess of 1 per cent of alcohol by volume, penalty two years in the state penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of potable liquor containing in excess of 1 per cent of alcohol by volume, punishment fixed at confinement in the penitentiary for two years.

From bill of exceptions No. 1 it appears that the witness Jennings testified that he went to the house occupied by the appellant and asked that he sell him some beer. Appellant at first denied having any beer, but upon being told that Jennings was sent by a service car driver, appellant produced a bottle of liquid, which the witness drank, and also produced and delivered to him four other bottles which the witness placed in the sheriff's car, which was nearby. The sheriff then went to the appellant's house and executed a search warrant, under which he discovered thirty gallons of liquid in stone jars and also a number of bottles which the witness described as beer and "choc beer" containing alcohol. Objection to the testimony touching what was found in the house as a result of the search was made upon various grounds, among others, that there was no affidavit supporting the search warrant; that the warrant contained an insufficient description of the premises to be searched. In the bill there is embraced the affidavit as well as the search warrant. The description of the premises is deemed sufficient. It designates a house in the possession of the appellant upon a particular street in Abilene, and upon its face it does not appear so indefinite as to be amenable to the general objection made. Touching the affidavit, the exception in no manner points out in what particular it is deemed insufficient. As the matter is presented, the bill fails to show that in receiving the testimony mentioned the court committed error. Some of the bottles of beer coming from the appellant's possession were delivered by the sheriff to a chemist, who made an analysis revealing that the liquor was potable and contained four per cent of alcohol.

Bill No. 4 is a complaint of the receipt in evidence of the appellant's confession, in which he stated that he occupied the premises described in the search warrant and also described by the witness Jennings; that at the time the premises were raided he had thirty gallons of home brew and gave a recipe by which it was made; that he sold some of the liquid to a man by the name

of Gaston, who was in company with the witness Jennings. The confession seems to comply in all particulars with the statute, Art. 727, C. C. P., 1925, which prescribes the requisites of a confession made while the accused was under arrest. We perceive no error in receiving the confession in evidence. The confession, in connection with the testimony of Jennings, which was not obtained by virtue of the search warrant, was sufficient to justify the conviction of the appellant. In other words, they together constitute a specific confession coupled with corroborating testimony. See Kugadt v. State, 38 Tex. Crim. Rep. 681. At any rate, the appellant's conviction was warranted independent of his complaint of the search warrant and the testimony touching its result. However, as stated above, we have failed to discern any reversible error in the bill of exceptions touching the evidence of the result of the search.

The judgment is affirmed.

*Affirmed.*