WILLIS WEST v. THE STATE.

No. 13999.    Delivered March 25, 1931.

The opinion states the case.

*W. E. Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

Pat Jackson, for the State, testified that he and the appellant agreed upon an exchange by which Jackson received five gallons of whisky in consideration for groceries delivered to the appellant. Jackson was under indictment. From his testimony we quote: "And the grand jury indicted me for the possession of this liquor that I got on this fifth day of October, which is the same liquor that I got from Willis West. I am now under indictment for it. It has never been dismissed so far as I know. I suppose it is still pending."

Howard Jackson testified for the State that at Griffith's house he received from the appellant two cases of whisky which the witness conveyed and delivered to Pat Jackson. Ed Mitchell, a State's witness, assisted in putting the whisky in Jackson's car. Mitchell testified that the appellant transported the whisky to Griffith's store.

Appellant requested the court to instruct the jury that each of the witnesses was an accomplice witness. Pat Jackson was under indictment for possessing the identical whisky with the possession of which the appellant was charged and in this case convicted. A co-transporter, possessor or purchaser of whisky is exempted from the operation of the

accomplice statute. See Art. 670, P. C. But Jackson being indicted for the same offense growing out of the same act, that is, the possession of the whisky obtained from the appellant, was by reason of the indictment an accomplice witness. While the indictment was pending, Pat Jackson was not a competent witness for the appellant. His testimony was available to the State, but unless the State saw fit to dismiss the prosecution against him, his testimony was qualified by the accomplice witness statutes. Art. 82, P. C. and Art. 711, C. C. P. See also Durham v. State, 110 Texas Crim. Rep., 25, 7 S. W. (2d) 92. While it is possible that the acts of Howard Jackson and Ed Mitchell might classify them as principals, they were obviously co-transporters or possessors with the appellant, and by reason of Art. 670, P. C., we think they were not, under the facts, shown to be accomplice witnesses. See Bailey v. State, 104 Texas Crim. Rep., 432, 284 S. W., 574; Odell v. State, 105 Texas Crim. Rep., 646, 290 S. W., 164.

The failure of the court to instruct the jury that the indictment of Pat Jackson for the same offense characterized him as an accomplice witness as a matter of law and that his uncorroborated testimony would not justify a conviction, necessitates a reversal of the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*