IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-472-CR





JOHNNY LEE BRADY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-93-0163, HONORABLE FRED A. MOORE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of burglary of a habitation. Tex. Penal Code Ann.
§ 30.02 (West 1989). The district court assessed punishment, enhanced by two previous felony
convictions, at imprisonment for forty-five years.

 On the night of February 26, 1993, someone broke a window and entered the
apartment residence of Martin Hornsby in San Marcos. Hornsby testified that the intruder stole
a gold rope necklace and a television. Hornsby identified State's exhibit one as a photograph of
the television taken from his apartment. He said the television was returned to him by the police.

 Andrew DeLeon testified that he and appellant were drinking beer together on the
night of February 26, 1993, at an address on C.M. Allen Parkway. During the course of the
evening, appellant borrowed DeLeon's car to go purchase more beer. When appellant returned
nearly two hours later, he had a gold rope necklace and a television. When asked by DeLeon
where he got these items, appellant said he broke into an apartment and stole them. DeLeon then
went with appellant to another location, where appellant gave the stolen television to another man. 
After this, appellant took DeLeon to the apartment he burglarized. DeLeon saw that a window
of the apartment was broken. Eventually, appellant and DeLeon parted company. DeLeon
returned to the scene of appellant's break-in, where he encountered investigating police officers
and told them his story.

 Benny Maldonado testified that appellant brought a television to his San Marcos
apartment on the night of February 26, 1993. Appellant told Maldonado that he was helping a
friend get rid of the television and asked Maldonado to keep it until the next day. The police
came to Maldonado's apartment the following morning and took the television.

 Appellant's only point of error is that the evidence is insufficient to sustain the
conviction, but his argument is more specific than that. Appellant urges that DeLeon was an
accomplice and that his testimony was not corroborated by other evidence tending to connect
appellant to the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). (1) We find this
contention to be without merit.

 For a witness to be considered an accomplice, there must be some evidence of an
affirmative act on the witness's part to assist in the commission of the offense. Kunkle v. State,
771 S.W.2d 435, 440 (Tex. Crim. App. 1986). There is no such evidence in this cause. The
uncontradicted testimony was that DeLeon loaned his car to appellant so that appellant could
purchase beer, and that DeLeon did not learn of the burglary until after its commission. Appellant
asserts that DeLeon was to receive part of the proceeds from the burglary, but the evidence
reflects only that appellant offered to "cut you in on the deal" when DeLeon became angry. Even
if DeLeon had been shown to be an accomplice witness, Maldonado's testimony was sufficient,
considered in the context of the remaining nonaccomplice evidence, to connect appellant to the
offense and thereby to corroborate DeLeon's testimony.

 The evidence as a whole is legally sufficient to sustain the conviction, although
there is no direct evidence linking appellant's activities to the burglary at Hornsby's apartment. 
Neither DeLeon nor Maldonado was asked if the television identified by Hornsby and shown in
State's exhibit one was the television in appellant's possession on the night in question. (2) Neither
DeLeon nor any other witness testified that C.M. Allen Parkway is in San Marcos, and DeLeon
did not describe in any way the location of the apartment appellant claimed to have entered. 
DeLeon did testify, however, that after appellant had been gone in DeLeon's car for over an hour,
he tried to find him at a nightclub in San Marcos. From this, and from Maldonado's testimony
that his apartment was in San Marcos, the jury could infer that the burglary appellant confessed
to DeLeon took place in that city.

 Thus, the evidence shows that on February 26, 1993, appellant broke a window
and entered an apartment in San Marcos, from which he stole a gold rope necklace and a
television. That same night, someone broke a window and entered Martin Hornsby's apartment
in San Marcos and stole a gold rope necklace and a television. Appellant took the television he
stole to Maldonado, who in turn gave it to the police. Hornsby recovered his television from the
police. The jury could rationally conclude that it was unlikely that two identical burglaries were
committed on the same night in San Marcos. The jury could therefore infer that the burglary
committed by appellant on February 26, 1993, and the burglary of Hornsby's apartment on that
date were one and the same offense. The circumstantial evidence is legally sufficient to sustain
the conviction. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex.
Crim. App. 1991). The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: April 6, 1994

Do Not Publish

1. Appellant did not request a jury instruction on accomplice witness testimony and none
was given. The Court of Criminal Appeals has held that the corroboration requirement must
be applied to the testimony of any accomplice when reviewing the sufficiency of the evidence
even in the absence of an accomplice witness instruction. Hammonds v. State, 316 S.W.2d
423, 424 (Tex. Crim. App. 1958); Pitts v. State, 210 S.W. 199 (Tex. Crim. App. 1919). That
court has since held, however, that the sufficiency of the evidence is to be determined in light of
the jury charge. Boozer v. State, 717 S.W.2d 608 (Tex. Crim. App. 1984); Benson v. State, 661
S.W.2d 708, 714 (Tex. Crim. App. 1983) (opinion on State's second motion for rehearing). This
has led some to question the continuing validity of the holding in Hammonds and Pitts. Boozer,
717 S.W.2d at 620 (Onion, P.J., dissenting); see also Saunders v. State, 794 S.W.2d 91 (Tex.
App.--San Antonio 1990), aff'd, 817 S.W.2d 688 (Tex. Crim. App. 1991). Because of our
disposition of appellant's point of error, we need not reach this question. 
2. DeLeon described the television as "a 19 remote color TV, gray." The jury was able
to compare this description with State's exhibit one, the photograph of Hornsby's television. 
The photocopy of the exhibit in the appellate record is of such poor quality that it is
impossible for us to make such a comparison.