TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00699-CR







Carl Leonard Skiff, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CR90-0041-A, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of providing an inmate a deadly weapon with intent
to facilitate escape. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 38.10, 1973 Tex. Gen. Laws
883, 951 (Tex. Penal Code Ann. § 38.10, since amended and renumbered as § 38.09). The jury
assessed punishment at imprisonment for twenty years.

 Appellant was an inmate in the Tom Green County Jail. Another inmate, Randy
Dean Sutton, testified that in December 1989, appellant offered him money to smuggle a pistol
into the jail. Sutton was an outside trustee whose duties included going to a nearby grocery store
each morning. Appellant told Sutton that on one of his trips to the store, he would be met by a
man who would give him the pistol and money. Sutton was told that the pistol was for a third
inmate, Curtis O'Brien, Sr. Other witnesses testified that O'Brien had previously attempted to
escape from the jail, and Sutton testified that there was talk among the inmates that O'Brien
intended to make another attempt.

 Sutton reported appellant's proposal to sheriff's deputies and agreed to assist them
in an undercover capacity. On the morning set for the transaction, Sutton was searched by
deputies and a recording device was attached to his body. As Sutton walked to the store, a man
in a pickup truck pulled up beside him and gave him a $100 bill and a cigarette package. Inside
the package was a .22 caliber derringer. Sutton identified the man in the pickup as Curtis
O'Brien, Jr. Sutton returned to the jail and gave the pistol to the deputies. He then went to
appellant's cell, told appellant he had the pistol, and asked what he was to do with it. Appellant
told him to give it to Jim, another trustee.

 The district court's charge included an instruction on the law of criminal
responsibility for the conduct of another and authorized appellant's conviction as a party to the
offense. See Tex. Penal Code Ann. §§ 7.01(a), 7.02(a)(2) (West 1994). In his first point of
error, appellant contends the evidence is legally insufficient to sustain his conviction as a party
or otherwise. This contention is premised on the further contention that Sutton was an accomplice
witness whose testimony was not adequately corroborated. Tex. Code Crim. Proc. Ann. art.
38.14 (West 1979). (1)

 A person acting as an agent of the police is not an accomplice so long as he does
not bring about the crime but merely obtains evidence to be used against those engaged in the
crime. Parr v. State, 606 S.W.2d 928, 929 (Tex. Crim. App. 1980); Lopez v. State, 574 S.W.2d
563, 565 (Tex. Crim. App. 1978). It is uncontradicted that Sutton was acting with the knowledge
and under the supervision of sheriff's deputies when he accepted appellant's offer and took
possession of the pistol from O'Brien Jr. Under the circumstances, Sutton was not an accomplice
and article 38.14 did not apply to his testimony.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). From the
evidence summarized above, a rational jury could find beyond a reasonable doubt that appellant
was a party to the charged offense. Point of error one is overruled.

 Appellant's second point of error is that he received ineffective assistance of
counsel at his trial. Specifically, appellant complains that counsel did not call as witnesses five
persons, each an inmate at the Tom Green County Jail at the time of the offense. Appellant
testified at trial that he arranged for Sutton to bring marihuana to his cell, but denied ever being
part of a plot to bring a pistol into the jail. Appellant claims that the five fellow inmates would
have corroborated this defensive testimony.

 Appellant testified at the hearing on his motion for new trial, but none of the
alleged defense witnesses testified and appellant's testimony was contradicted by that of his trial
attorney. Counsel testified that appellant gave him only two names of potential witnesses. His
effort to subpoena one of these persons was unsuccessful and, in any event, counsel was of the
opinion that this witness's testimony, as described by appellant, would have been inadmissible at
trial. Counsel spoke to the other potential witness and determined that his testimony would be
detrimental to appellant.

 To prevail on a claim of ineffective assistance of counsel at the guilt stage, an
appellant must show that counsel made such serious errors that he was not functioning effectively
as counsel and that these errors prejudiced the appellant's defense to such a degree that he was
deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). 
In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). On this record, appellant has not overcome that
presumption. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: August 28, 1996

Do Not Publish
1.   Appellant did not request a jury instruction on accomplice witness testimony and none
was given. The Court of Criminal Appeals has held that the corroboration requirement must
be applied to the testimony of an accomplice when reviewing the sufficiency of the evidence
even in the absence of an accomplice witness instruction. Hammonds v. State, 316 S.W.2d
423, 424 (Tex. Crim. App. 1958); Pitts v. State, 210 S.W. 199 (Tex. Crim. App. 1919). That
court has since held, however, that the sufficiency of the evidence is to be determined in light of
the jury charge. Boozer v. State, 717 S.W.2d 608 (Tex. Crim. App. 1984); Benson v. State, 661
S.W.2d 708, 714 (Tex. Crim. App. 1983) (opinion on State's second motion for rehearing). This
has led some to question the continuing validity of the holding in Hammonds and Pitts. Boozer,
717 S.W.2d at 620 (Onion, P.J., dissenting); see also Saunders v. State, 794 S.W.2d 91 (Tex.
App.--San Antonio 1990), aff'd, 817 S.W.2d 688 (Tex. Crim. App. 1991). Because we conclude
that Sutton was not an accomplice, we do not reach this question.



4 S.W.2d
563, 565 (Tex. Crim. App. 1978). It is uncontradicted that Sutton was acting with the knowledge
and under the supervision of sheriff's deputies when he accepted appellant's offer and took
possession of the pistol from O'Brien Jr. Under the circumstances, Sutton was not an accomplice
and article 38.14 did not apply to his testimony.

 In determining the legal sufficiency of the evidence to support a crimi