TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00739-CR






Edward Jordan Stafford, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0952926, HONORABLE BOB PERKINS, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of the capital murder of Martin Razo and the attempted capital
murder of Ubaldo Rangel. Tex. Penal Code Ann. §§ 15.01(a), 19.03(a)(2) (West 1994). (1) The district
court assessed punishment for both offenses at imprisonment for life. See id. § 12.31(a); Tex. Code Crim.
Proc. Ann. art. 37.071, § 1 (West Supp. 1997).

 On the night of October 22, 1993, Austin police responded to the report of a shooting at
an apartment complex on South Lakeshore Boulevard. They found the body of Martin Razo lying at the
bottom of a stairway with a single gunshot wound to the chest. The police also learned that another man,
Ubaldo Rangel, had been robbed and shot at another location within the complex. Based on interviews
with Rangel and other witnesses, the police suspected that the assailants who robbed and shot Rangel were
also responsible for Razo's death.

 Spent .22 caliber cartridge casings were found at the location of each shooting, and a .22
caliber hollow point bullet was removed from Razo's body during autopsy. (2) A police ballistics expert
testified that both casings were from C.C.I. brand bullets and had been recently fired from the same semi-automatic weapon. The expert also testified that the bullet taken from Razo's body was of a design
consistent with the C.C.I. brand.

 Thomas Eugene Loving testified that Jonathan Castillo and appellant were at his house in
the Lakeshore Boulevard neighborhood on the night of October 22, 1973. As the two men were leaving,
appellant asked Loving if he could borrow his gun. Loving gave appellant a .22 caliber semi-automatic
pistol that was loaded with hollow point bullets. Loving said he gave the pistol to appellant for protection
against gangs. Castillo was nervous and trembling when he returned to Loving's residence later that night. 
Castillo took Loving outside to show him the ambulance and police cars at the nearby apartment complex. (3) 
Three days later, appellant returned Loving's pistol and bragged to him about shooting someone.

 Jonathan Castillo and Allen Hervey testified that they were with appellant on the night of
the shootings. Appellant was armed with a .22 caliber pistol and was remarking that he wanted to "jack"
(rob) some "wetbacks" (Mexican nationals). The three men walked into the apartment complex and up
a flight of stairs, where they encountered three Hispanic men. As Castillo and Hervey walked ahead,
Hervey heard appellant say, "Break yourself." Hervey said this means, "This is a robbery. Give me your
money." When one of the men said, "No," appellant shot him. Castillo and Hervey fled, but appellant
caught up with them. Soon, they met a second Hispanic man. As before, appellant demanded that the man
"break" himself and then shot him. Castillo, Hervey, and the second victim ran from the scene.

 Ubaldo Rangel testified that he was accosted by three men as he was walking to his
apartment. One of the men demanded money. As Rangel reached for his wallet, the man shot him. Rangel
was shown thirteen photographic lineups during the police investigation of the shootings. He selected
appellant's photo in the thirteenth lineup, saying, "He looks like him." At trial, Rangel testified that appellant
"seems like" the man who shot him.

 In his first point of error, appellant contends the evidence is legally insufficient to sustain his
convictions because the accomplice witness testimony was not adequately corroborated. A conviction
cannot be had on the testimony of an accomplice unless the testimony is corroborated by other evidence
tending to connect the defendant to the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). 
The test for weighing the sufficiency of the corroborative evidence is to eliminate the accomplice testimony
from consideration and then examine the testimony of the other witnesses to determine if there is evidence
tending to connect the accused with the commission of the offense. Hernandez v. State, 939 S.W.2d 173,
176 (Tex. Crim. App. 1997). The non-accomplice testimony need not directly link the accused to the
offense or be sufficient in itself to establish the defendant's guilt. Id. The testimony of one accomplice
cannot be used to corroborate the testimony of another accomplice. Moron v. State, 779 S.W.2d 399,
401 (Tex. Crim. App. 1985).

 The district court instructed the jury that Castillo and Hervey were accomplices as a matter
of law. Appellant argues that Loving was also an accomplice because he gave appellant the pistol used
in the shootings. Appellant did not make this argument to the district court and the court's charge did not
contain an accomplice witness instruction with respect to Loving's testimony. (4) 

 The record does not support appellant's contention that Loving was an accomplice
witness. An accomplice is a person who participated in the charged offense before, during, or after its
commission. Kunkle v. State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986). If a witness cannot be
prosecuted for the offense for which the defendant is on trial, the witness is not an accomplice as a matter
of law. Id. There is no evidence Loving participated in the shootings of Razo and Rangel. Appellant
argues, however, that when Loving loaned his pistol to appellant he should have foreseen that appellant
would use the weapon unlawfully. Appellant concedes there is no authority supporting the notion that this
was sufficient to make Loving an accomplice to the charged offenses. Appellant also argues that Loving
was an accomplice to appellant unlawfully carrying a weapon. But complicity with the defendant in the
commission of another offense does not make a witness an accomplice to the charged offense. Id.

 Appellant argues that Loving was an accomplice as a matter of fact, rather than as a matter
of law. Appellant does not, however, refer us to any disputed evidence that would, if believed, make
Loving an accomplice. Because the evidence was undisputed, no fact issue regarding Loving's status as
an accomplice was raised. And as discussed above, the undisputed evidence with regard to Loving's
conduct, as a matter of law, did not show him to be an accomplice to the shootings. Even if a fact issue
had been raised and the issue of Loving's status as an accomplice had been submitted to the jury as a fact
question, it would be proper to consider Loving's testimony in corroboration of Castillo and Hervey. 
Carrillo v. State, 591 S.W.2d 876, 883 (Tex. Crim. App. 1979).

 Rangel testified that appellant "seemed like" the person who shot him. A less than positive
identification is sufficient to corroborate accomplice testimony. Griffin v. State, 486 S.W.2d 948, 950
(Tex. Crim. App. 1972). Ballistics evidence indicated that the same weapon was used to shoot both
Rangel and Razo. Thus, even without Loving's testimony, there is evidence tending to connect appellant
to both offenses. Loving's testimony that he loaned appellant a firearm like that used by the assailant, and
that appellant later bragged that he shot someone, further corroborates the accomplice testimony.

 The accomplice testimony was adequately corroborated. Viewing all the evidence in the
light most favorable to the verdict, any rational trier of fact could have found appellant guilty of the charged
offenses beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981)
(standard of review). Point of error one is overruled.

 In his second point of error, appellant argues that when the testimony of Castillo, Hervey,
and Loving is disregarded, the evidence is factually insufficient to sustain his convictions. For the reasons
discussed above, appellant's contention that the testimony of Castillo, Hervey, and Loving should be
disregarded is without merit. Considering all the evidence equally and not in the light most favorable to the
verdict, we do not find the jury's verdicts to be so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. See Clewis v. State 922 S.W.2d 126, 129 (Tex. Crim. App. 1996);
Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed) (standard
of review). Point of error two is overruled.

 Appellant next contends the district court erred by permitting a witness to invoke the Fifth
Amendment privilege and refuse to testify regarding an offense for which the witness had been convicted. 
The witness in question was Andrew Castillo, brother of the accomplice Jonathan Castillo. Called by the
defense, Castillo testified that he was currently incarcerated following his conviction for an aggravated
robbery committed on March 12, 1995, in the same neighborhood as the charged offenses. When defense
counsel began to question the witness concerning the details of this robbery, the State voiced hearsay and
relevance objections. The jury was excused and the witness was voir dired by defense counsel as follows:


Q. Mr. Castillo, do you remember being interviewed by the Austin Police Department on
March 13th, the day after you were arrested on those robberies? 


A. Yes.


Q. And did they ask you about some other shooting that took place over in that Riverside
area?


A. Yes.


Q. And did you tell them that you didn't know anything about that?


A. I plead the Fifth Amendment.


Q. You're not going to answer the question?


A. I'm pleading the Fifth.


Q. Didn't you make statements to other people telling them that you had committed those
shootings and that robbery?


A. I plead the Fifth.


Q. Do you recall a phone conversation with Landis Moore in which you told him that you
had committed those robberies?


A. I plead the Fifth.


Q. Do you recall giving a statement to Ernesto Pedraza in which you admitted having told
other people that you committed those robberies?


A. I plead the Fifth.


Q Do you recall telling your Uncle Gene Loving that you participated in those robberies?


A. I plead the Fifth.


Q. Do you recall telling uncle Terry Gonzales that you were involved in those robberies?


A. I plead the Fifth.


Q. Do you admit that you have told others that you would take the blame in the cases that
took place on October of 1993?


A. I plead the Fifth.


Q. Did you tell others that you would accept responsibility for your brother Jonathan
Castillo?


A. I plead the Fifth.

 The district court refused to permit defense counsel to ask these questions of the witness
in the jury's presence. Appellant concedes that a party may not call a witness who he knows will invoke
the Fifth Amendment privilege. Whitmore v. State, 570 S.W.2d 889, 896 (Tex. Crim. App. 1978)
(opinion on rehearing). He urges, however, that the court erred by permitting the witness to invoke the
Fifth Amendment in the first place. Appellant argues that because Castillo had been convicted and
sentenced for the 1995 robbery, he no longer had a Fifth Amendment privilege not to testify about that
offense. Id.

 It is true that counsel's examination of Castillo began with questions about the 1995
robbery for which he had been convicted. But the voir dire questions to which the witness invoked the Fifth
Amendment privilege clearly related to the offenses for which appellant was on trial and for which the
witness had not been convicted. Finding no support in the record for appellant's contention that Castillo
was improperly permitted to invoke the Fifth Amendment, we overrule point of error three.

 In his last point of error, appellant contends the district court erroneously excluded the
testimony of defense witness Landis Moore. Outside the jury's presence, Moore testified that he had a
telephone conversation with Andrew Castillo in October 1993. During this conversation, Castillo told
Moore that he and his brother Jonathan, appellant, and a person known as "M.D." "jacked some
wetbacks" on South Lakeshore. Moore also testified that while Andrew Castillo "didn't actually say he
did it," Moore got the impression that Castillo was the person who did the shooting. Appellant offered this
testimony under the hearsay exception for statements against penal interest. Tex. R. Crim. Evid. 803(24). 
The court found that Castillo's statement to Moore was not adequately corroborated and sustained the
State's hearsay objection.

 Rule 803(24) excepts from the hearsay rule a statement that at the time of its making so
tended to subject the speaker to criminal liability that a reasonable man in his position would not have made
the statement unless he believed it to be true. This exception applies only if corroborating circumstances
clearly indicate the trustworthiness of the statement. Id. There is no definitive test by which to measure
the corroborating circumstances. Davis v. State, 872 S.W.2d 743, 749 (Tex. Crim. App. 1994). Factors
that may be considered include whether the guilt of the declarant is inconsistent with the guilt of the accused,
whether the declarant was so situated that he might have committed the crime, the timing of the declaration
and its spontaneity, the relationship between the declarant and the party to whom the declaration was made,
and the existence of independent corroborating facts. Id. Evidence undermining the reliability of the
statement also may be considered. Id. The burden of proving adequate corroboration lies with the party
seeking the admission of the statement. Id. The decision to admit or exclude evidence is committed to the
trial court's discretion, and we will disturb that decision only on a showing that this discretion was abused. 
Cunningham v. State, 846 S.W.2d 147, 150-51 (Tex. App.--Austin 1993), aff'd, 877 S.W.2d 310
(Tex. Crim. App. 1994); Tex. R. Crim. Evid. 104(a).

 In his brief, appellant does not attempt to demonstrate that the hearsay statement was
adequately corroborated. The statement was allegedly made the day after the shooting, but it is not
inconsistent with appellant's guilt because Castillo did not claim to have shot the victims. There is no
evidence regarding Andrew Castillo's whereabouts on the night of the offenses, and thus no evidence that
he could have committed the crimes. Jonathan Castillo testified that he told Andrew about the shootings
on the night they happened, which would explain Andrew's familiarity with the general outline of the events
in question. Finally, several of the details contained in Castillo's statement to Moore were contradicted by
the facts in evidence. Castillo told Moore that four persons were involved in the double shooting; Rangel
testified that he was attacked by three men. Castillo told Moore that the four assailants beat and kicked
the first victim before he was shot; the medical examiner did not mention finding bruises or contusions on
Razo's body, and no injuries of the sort associated with a beating are visible in the photographs of the
body. Castillo told Moore that the second victim was walking with his wife and that a necklace was taken
in the robbery; Rangel testified that he was alone when he was attacked and did not mention the loss of a
necklace. Under the circumstances, the district court did not abuse its discretion by concluding that
Andrew Castillo's statement to Moore was not clearly corroborated and therefore was inadmissible as a
statement against penal interest. Point of error four is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: June 12, 1997

Do Not Publish

1. Penal Code amendments subsequent to the commission of these offenses are irrelevant to the appeal. 
The present code is cited for the sake of convenience.
2. The bullet that struck Rangel was not recovered.
3. Appellant's successful hearsay objection prevented Loving from testifying to what Castillo told him
that night. 
4. The Court of Criminal Appeals has held that in reviewing the sufficiency of the evidence, article 38.14
applies to the testimony of an accomplice even in the absence of an accomplice witness instruction. 
Hammonds v. State, 316 S.W.2d 423, 424 (Tex. Crim. App. 1958); Pitts v. State, 210 S.W. 199 (Tex.
Crim. App. 1919). That court has since held, however, that the sufficiency of the evidence is to be
determined in light of the jury charge. Boozer v. State, 717 S.W.2d 608 (Tex. Crim. App. 1984); Benson
v. State, 661 S.W.2d 708, 714 (Tex. Crim. App. 1983) (opinion on State's second motion for rehearing). 
This has led some to question the continuing validity of the holding in Hammonds and Pitts. Boozer, 717
S.W.2d at 620 (Onion, P.J., dissenting); see also Saunders v. State, 794 S.W.2d 91 (Tex. App.--San
Antonio 1990), aff'd, 817 S.W.2d 688 (Tex. Crim. App. 1991).


n would not have made
the statement unless he believed it to be true. This exception applies only if corroborating circumstances
clearly indicate the trustworthiness of the statement. Id. There is no definitive test by which to measure
the corroborating circumstances. Davis v. State, 872 S.W.2d 743, 749 (Tex. Crim. App. 1994). Factors
that may be considered include whether the guilt of the declarant is inconsistent with the guilt of the accused,
whether the declarant was so situated that he might have committed the crime, the timing of the declaration
and its spontaneity, the relationship between the declarant and the party to whom the declaration was made,
and the existence of independent corroborating facts. Id. Evidence undermining the reliability of the
statement also may be considered. Id. The burden of proving adequate corroboration lies with the party
seeking the admission of the statement. Id. The decision to admit or exclude evidence is committed to the
trial court's discretion, and we will disturb that decision only on a showing that this discretion was abused. 
Cunningham v. State, 846 S.W.2d 147, 150-51 (Tex. App.--Austin 1993), aff'd, 877 S.W.2d 310
(Tex. Crim. App. 1994); Tex. R. Crim. Evid. 104(a).

 In his brief, appellant does not attempt to demonstrate that the hearsay statement was
adequately corroborated. The statement was allegedly made the day after the shooting, but it is not
inconsistent with appellant's guilt because Castillo did not claim to have shot the victims. There is no
evidence regarding Andrew Castillo's whereabouts on the night of the offenses, and thus no evidence that
he could have committed the crimes. Jonathan Castillo testified that he told Andrew about the shootings
on the night they happened, which would explain Andrew's familiarity with the general outline of the events
in question. Finally, several of the details contained in Castillo's statement to Moore were contradicted by
the facts in evidence. Castillo told Moore that four persons were involved in the double shooting; Rangel
testified that he was attacked by three men. Castillo told Moore that the four assailants beat and kicked
the first victim before he was shot; the medical examiner did not mention finding bruises or contusions on
Razo's body, and no injuries of the sort associated with a beating are visible in the photographs of the
body. Castillo told Moore that the second victim was walking with his wife and that a necklace was taken
in the robbery; Rangel testified that he was alone when he was attacked and did not mention the loss of a
necklace. Under the circumstances, the district court did not abuse its discretion by concluding that
Andrew Castillo's statement to Moore was not clearly corroborated and therefore was inadmissible as a
statement against penal interest. Point of error f