Affirmed and Memorandum Opinion filed August 7, 2007








Affirmed and Memorandum Opinion filed August 7, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01097-CR

_______________

 

SHONDRAILL ANTOINE MELLIX, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                          


On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 970339

                                                                                                                                          


 

M E M O R A N D U M   O P I N I O N

Shondraill Antoine Mellix appeals a
conviction for murder[1] on the ground
that the accomplice witness testimony of Robyn Waldron and Demonta Antoine was
not sufficiently corroborated to support the conviction.  We affirm.








A conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to
connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense.  See Tex.
Crim. Proc. Code Ann. ' 38.14 (Vernon 2005).  In conducting a sufficiency review
under this rule, we eliminate the accomplice testimony from consideration and
then examine the remainder of the record to determine if there is any evidence
that tends to connect the accused with the commission of the crime.  Castillo
v. State, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007).  The non-accomplice
evidence does not have to directly link the appellant to the crime, nor does it
alone have to establish his guilt beyond a reasonable doubt. Id.  There
must simply be some non-accomplice evidence which tends to connect appellant to
the commission of the offense.  Id.








As a preliminary matter, appellant=s brief contends that Robyn Waldron
was an accomplice witness whose testimony could thus not be used to connect
appellant to the offense.  When, as in this case, the jury is not instructed
that a witness is an accomplice witness, and the appellant neither requested
such a charge at trial nor complains of the omission on appeal, the sufficiency
of the evidence should be measured against the elements of the offense as
defined by a hypothetically correct jury charge for the case, including an
accomplice witness instruction for any witness who is an accomplice as a matter
of law.  See Malik v. State, 953 S.W.2d 234, 240 n.6 (Tex. Crim. App.
1997); Hammonds v. State, 316 S.W.2d 423, 424 (Tex. Crim. App. 1958);  Campbell
v. State, 138 S.W.2d 1091, 1093 (Tex. Crim. App. 1940) (per curiam).  An
accomplice is someone who participates with the defendant before, during, or
after the commission of a crime and acts with the required culpable mental
state.  Cocke v. State, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006).  To
be considered an accomplice witness, the witness=s participation with the defendant
must have involved some affirmative act that promotes the commission of the
offense with which the defendant is charged.  Id.  A witness is
therefore not an accomplice witness merely because he or she knew of the
offense and did not disclose it, concealed the offense, was complicit with the
accused in commission of another crime, or was merely present at the scene of
the crime.  Druery v. State, 225 S.W.3d 491, 498 (Tex. Crim. App.
2007).  Lastly,
a witness is not an accomplice witness as a matter of law unless there is no
doubt that the witness is an accomplice.  Id. at 499.

In this case,
appellant does not contend that Waldron was an accomplice witness as a matter
of law, but only that
Waldron=s Aparticipation, at best, is a fact
issue for the jury to determine@ because Ashe is the one who set up the meeting, chose the time and
location and drove the car with the killer, whoever he is, to the scene.@  However, there is no evidence that
Waldron was aware that appellant planned to rob anyone during the drug
transaction or that appellant had a gun.  Nor is there any evidence that
Waldron drove appellant away from the scene other than because appellant pointed
the gun at Waldron and demanded that she do so.  Although Waldron did not
disclose the offense, and may have helped conceal it, those actions do not rise
to the level of an accomplice at all, let alone an accomplice as a matter of
law.[2] 
Because appellant=s brief thus does not establish that Waldron
performed any affirmative act to assist in the commission of the offense, it
does not show that she is an accomplice as a matter of law.  Therefore, her
testimony need not be corroborated by other evidence, and it may serve as
evidence that connects appellant to the offense.








In that regard,
Waldron testified that: (1) she, Antoine,[3] and Anthony Soliz had bought a
quarter-pound of marijuana from Parker, but it was short; (2) later that day,
appellant went with her and the others to meet Parker to get the missing
amount; (3) in the parking lot of the grocery store where they met Parker,
appellant got out of the car Waldron was driving and walked to the back of it;
(4) Waldron saw appellant kneeling behind the rear passenger door with a
bandana covering part of his face; (5) after Waldron spoke to Parker and the
complainant, who had driven Parker there, appellant brandished a gun and
demanded Parker=s money and drugs; (6) as Parker and
appellant began to wrestle for the gun, and the complainant put his car in
reverse, the gun went off, striking the complainant; (7) Parker then ran, and
appellant got back into the car, pointed the gun at Waldron, and demanded that
she drive away; and (9) Waldron, Antoine, Soliz, and appellant drove back to
Antoine=s apartment where
appellant washed his hands with bleach and unbraided his hair. 

Parker, also a non-accomplice
witness, testified that: (1) the complainant drove him to a grocery store
parking lot to meet Waldron so he could give her two ounces of marijuana to
rectify a shortage from an earlier transaction; (2) Waldron=s car contained
four people when it arrived in the parking lot, but Waldron was the only person
he recognized; (3) as Parker walked over to Waldron=s car he noticed
that there were only three people in the car including a Hispanic male (identified by other witnesses as
Soliz);
(6) as Parker returned to the complainant=s car, someone hit
him in the back of the head with a gun, and he fell against the complainant=s car; (7) the
person who hit him was a tall, light skinned male, but was unidentifiable to
Parker because of the ski mask he was wearing; (8) the assailant demanded
Parker=s money, struck
him again with the gun, cocked the gun, and aimed it at him; (9) Parker grabbed
the gun and began to fight with the assailant, and the gun went off; (10) after
the gun fired, the complainant=s car went in reverse, and Parker and his
assailant were dragged with it; (11) Parker was thrown away from the car and
ran into the grocery store, and the assailant got into Waldron=s car; (12) Parker
soon determined that the bullet had struck the complainant; and (13) Parker
later identified Antoine in a photo spread as a person who remained sitting in
the other car during the transaction.








In addition,
appellant testified that: (1) he was at the scene, but he identified Antoine as
the assailant with the gun;[4]
(2) he went to Pennsylvania two weeks after the offense because he did not want
to get involved in the situation; but (3) he did not know that anyone had been
killed.  Another non-accomplice witness, Joe Pena, testified that: (1) he was
at Antoine=s apartment when Waldron and the men, including
appellant, returned from the scene;[5]
and (2) while there, Antoine shaved his face, and appellant unbraided his
hair.  Rachel Pena,  a non-accomplice witness, testified that: (1) appellant,
Waldron, Antoine, and Soliz were then at Antoine=s apartment and
were visibly shaken by what had occurred; and (2) she recognized the men from
earlier in the day when Waldron had picked her up from work. 

There is thus
non-accomplice witness evidence that appellant was not only present at the
murder scene, but was the person who left Waldron=s car, struck
Parker with a gun, demanded his money, and struggled with Parker for the gun
when it fired and struck the complainant.  Because this non-accomplice evidence
is sufficient to connect appellant to the offense, appellant=s sole issue is
overruled, and the judgment of the trial court is affirmed.[6]

 

 

/s/      Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed August 7, 2007.

Panel consists of
Justices Yates, Edelman, and Seymore.

Do not publish C Tex. R. App. P. 47.2(b).









[1]           A jury found appellant guilty and assessed
punishment at 35 years confinement. 





[2]           See Druery, 225 S.W.3d at 500 (holding
that evidence that a witness failed to warn the victim,  distracted the victim=s attention before the shooting, assisted in the
disposal of the body and gun after the murder, and received some of victim=s money after the murder did not rise to the level of
an affirmative act to assist in the crime or a lesser-included offense).





[3]           The jury was instructed that Antoine was an
accomplice as a matter of law.





[4]           Appellant=s testimony contradicts Parker and Waldron=s testimony that Antoine remained in the car
throughout the transaction.  





[5]           Appellant testified that he did not go into
Antoine=s apartment after they returned, contrary to the testimony
of Waldron, Pena, and Rachel Pena that appellant was there.





[6]           See Castillo v. State, 221 S.W.3d
689, 691B92 (Tex. Crim. App. 2007) (holding non-accomplice
testimony that: (1) appellant was seen wearing victim=s necklace shortly after the murder; (2) appellant was
seen with a gun and with the accomplices in the hours before the murder; (3)
victim made plan to meet one of the accomplices just prior to the murder; (4)
appellant told fellow inmate he planned the robbery; (5) appellant shot victim
multiple times; (6) appellant was overheard telling someone he shot someone was
sufficient to connect the appellant to the murder and robbery).